**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Margarito FLORES, Defendant–**
**Appellant.**

**No. 01–4213.**

United States Court of Appeals,
Sixth Circuit.

Nov. 4, 2002.

Before MERRITT and GILMAN, Circuit Judges; and TARNOW, District Judge.*

### ORDER

Margarito Flores pleaded guilty to engaging in a conspiracy to distribute and possess cocaine and marijuana for intended distribution. *See* 21 U.S.C. § 846. On November 2, 2001, he was sentenced to 108 months of imprisonment and five years of supervised release. It is from this judgment that Flores now appeals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

■ Initially, we note that Flores signed a plea bargain that waived his right to appeal if his sentence did not exceed the applicable guideline range. The sentencing court did not depart from the applicable range. Hence, Flores has waived his right to appeal. *See United States v. Allison,* 59 F.3d 43, 46–47 (6th Cir.1995). We note, nonetheless, that his claims are all lacking in merit.

We generally review the district court's legal conclusions *de novo* and examine its factual findings for clear error. *United States v. Henderson,* 209 F.3d 614, 617 (6th Cir.2000). However, the court's refusal to allow Flores to withdraw his guilty plea is reviewed for an abuse of discretion on appeal. *See United States v. Pluta,* 144 F.3d 968, 973 (6th Cir.1998).

■ Flores now argues that the district court erred by denying a motion to withdraw his guilty plea. It was his burden to show a fair and just reason for withdrawal. *See id.* However, he did not present a convincing justification for the five-week delay in mailing his motion. Moreover, he clearly admitted guilt after showing slight hesitancy at his plea hearing, and he could have gained a substantial advantage by pleading guilty. It does not appear that Flores was inexperienced or naive even though he had no significant prior convictions, and there is no indication that the government would not have been prejudiced by the withdrawal of his plea. Under these circumstances, we conclude that the district court acted within its discretion by denying his motion to withdraw. *See id.* at 973–74; *United States v. Bashara,* 27 F.3d 1174, 1181 (6th Cir.1994).

■ Flores argues that the district court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by finding that the drug quantity attributed to him justified a base offense level of 30. The district court had jurisdiction over this case, even though drug quantity was not charged in his indictment. *See United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1784–85, 152 L.Ed.2d 860 (2002). Since an amount of drugs was not specifically charged, the court properly found that Flores's sentence was governed by 21 U.S.C. § 841(b)(1)(C). *See United States v. Page,* 232 F.3d 536, 543 (6th Cir.2000), *cert. denied,* 532 U.S. 935, 1023, 121 S.Ct. 1389, 149 L.Ed.2d 312 *and* 1056 (2001). Thus, there was no cognizable *Apprendi* error because the 108–month sentence that he received fell below the twenty-year maximum that is authorized by that statute. *See United States v. Harper,* 246 F.3d 520, 530–31 & n. 7 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 219, 151 L.Ed.2d 156 (2001).

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

Finally, Flores argues that the district court erred in calculating the amount of drugs that were attributed to him, as 3.5 kilograms of cocaine were required for a base offense level of 30 and the testimony at sentencing had indicated that only 3.165 kilograms were actually seized when he was arrested. This argument lacks merit because the testimony also established that he had purchased four one-kilogram packages of cocaine and that he had already sold some of the cocaine from one of the packages before his arrest. Thus, the court did not commit clear error by finding that Flores was responsible for a sufficient amount of drugs to justify a base offense level of 30. *See* USSG § 2D1.1(5); *United States v. Critton,* 43 F.3d 1089, 1098–99 (6th Cir.1995).

Accordingly, the district court's judgment is affirmed.