DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before this court on appeal from a judgment of the Lucas County Court of Common Pleas. Pursuant to a plea agreement between appellant, Gilberto Moldonado, and appellee, the state of Ohio, appellant pled guilty to trafficking in drugs, in violation of R.C. 2925.03(A) and (C)(4)(f), a felony of the first degree; possession of drugs, in violation of R.C.2925.11(A) and (C)(4)(c), a felony of the first degree; possession of criminal tools, in violation of R.C. 2923.24(A) and (C), a felony of the fifth degree. Appellant's guilty plea was journalized on April 15, 2003.
 {¶ 2} Appellant appeals his convictions and asserts the following assignments of error:
 {¶ 3} "I. The trial court erred, to the prejudice of defendant, in denying defendant Moldonado's motion to suppress."
 {¶ 4} "II. The trial court erroneously applied the `good faith' exception to justify the issuance of the search warrant which was based on an affidavit lacking in probable cause."
 {¶ 5} At the plea hearing, the trial court judge specifically asked appellant whether he understood that by entering a guilty plea appellant was giving up his rights to challenge the manner in which the evidence was collected and his right to use any ruling on the motion to suppress as a basis for appeal. Appellant answered both questions in the affirmative.
 {¶ 6} This court has held that a defendant who enters a guilty plea while represented by competent counsel waives any non-jurisdictional defects in earlier stages of proceedings, including any alleged defects relating to a trial court's denial of a motion to suppress. State v. Minniefield (July 13, 2001), Erie App. No. E-00-040; State v. Pringle (June 30, 1999), Lucas App. No. L-98-1275; State v. Maples (Mar. 11, 1994), Lucas App. No. L-93-009.
 {¶ 7} In this case, appellant's guilty plea was voluntarily, intelligently, and knowingly made pursuant to a plea bargain in which the state agreed to lesser charges in Counts 1 and 2, dismissed Count 3, and dismissed the major drug offender specifications. Therefore, appellant waived any alleged errors in the prior proceedings, including any issues or evidence sought to be suppressed.
 {¶ 8} Appellant's assignments of error are not well-taken, and the decision of the trial court is affirmed. Costs assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., concur.