DECISION AND JUDGMENT ENTRY
{¶ 1} Powell D. Greene appeals the November 23, 2003 denial of his "Motion to Vacate Sentencing Order and Motion for New Sentence" from the Sandusky County Court of Common Pleas. Because Greene's motion is both untimely and barred by res judicata, and because State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, does not apply to the facts of his case, we affirm.
 {¶ 2} On May 8, 1998, Greene was convicted by a jury of one count of felonious assault, a violation of R.C. 2903.11(B), with a firearm specification under R.C. 2941.145. He was sentenced to a term of seven years for the felonious assault conviction and three years for the gun specification. The sentences, by law, were mandated to be served consecutively for a total of ten years.[1] We affirmed Greene's conviction on direct appeal. State v. Greene (May 14, 1999), Sandusky App. No. S-98-026.
 {¶ 3} On November 17, 2003, Greene filed a "Motion to Vacate Sentencing Order and Motion for New Sentence" with the Sandusky County Court of Common Pleas. The motion alleged that the sentencing judge violated R.C. 2929.14(B)[2] and R.C.
 {¶ 4} 2929.19(B)(2)(c)[3] when imposing sentence. Greene argued that the court erred when it imposed a prison sentence higher than the minimum[4] without stating its reasons on the record. Also, he argued the court erred when it imposed consecutive sentences without stating its reasons on the record. The court denied Greene's motion, stating that the sentence was a final and appealable order, which already had been appealed and affirmed. Greene now appeals the trial court's decision, and raises one assignment of error: "The trial court improperly held that it did not have jurisdiction in vacating appellant-defendant's five (5) year old sentence."
 {¶ 5} Greene challenges the denial of his "Motion to Vacate Sentencing Order and Motion for a New Sentence." He specifically argues that the trial court violated R.C 2929.14 and R.C. 2929.19 when it failed to state, on the record, the reasons for imposing a prison term longer than the minimum sentence and in finding that the two sentences should be consecutive.
 {¶ 6} In support of his allegation, Greene cites to the Supreme Court of Ohio's decision of State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. In Comer, the Supreme Court stated that a trial court is required to make the statutorily enumerated findings on the record during sentencing constitutes prejudicial error. Id., at paragraphs one and two of the syllabus. Greene's argument fails for a number of reasons.
 {¶ 7} First, we find that Greene appealed this sentence before; his motion argues a violation of his due process rights. His motion to vacate the sentencing order is actually a petition for postconviction relief under R.C. 2953.21, as it requests enforcement of rights guaranteed by the United States Constitution. State v. Hoffman (Jun. 2, 2000), Huron App. No. H-99-035, citing State v. Hill (1998), 129 Ohio App.3d 658, 660;State v. Peoples, 5th Dist. No. 2003CA00357, 2004-Ohio-1630, at ¶ 10. This finding is supported by the Supreme Court of Ohio's decision inState v. Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v.Reynolds, 79 Ohio St.3d 158, 160, 1997-Ohio-304.
 {¶ 8} R.C. 2953.21(A)(2) states that a petition for postconviction relief shall be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the conviction. Greene's motion was filed more than five years after his judgment and sentencing and over four years after his direct appeal to this court. His petition was, therefore, untimely filed. He, however, could have made a late filing if the requirements of R.C. 2953.23(A) were met.[5] Greene, however, failed to make the required showing to justify the late filing. Therefore, Greene's petition is untimely because it did not meet the filing requirements of R.C. 2953.21(A)(2) and the late filing was not justified under R.C. 2953.23(A).
 {¶ 9} Second, Greene's claims cannot be considered by this court because they are barred by res judicata. Issues that could have been raised on direct appeal, but were not, are barred by the doctrine of res judicata. State v. Hoffman (Jun. 2, 2000), Huron App. No. H-99-035; Statev. Ballard (Jul. 25, 1997), Lucas App. No. L-97-1026; State v. Perry
(1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The issue of improper sentencing could have been raised by Greene in his direct appeal to this court, but was not. State v. Greene (May 14, 1999), Sandusky App. No. S-98-026. Even if we were not to treat his motion as a petition for postconviction relief, motions to vacate sentence, which raise sentencing issues that could have been raised by direct appeal are barred by the doctrine of res judicata. State v. Rhodes, 7th Dist. No. 00 C.A. 160, 2001-Ohio-3334. Therefore, because Greene could have raised the issue of improper sentencing in his 1999 appeal, he cannot raise it now.
 {¶ 10} Third, even if Greene's motion was timely and not barred by res judicata, we would decline to apply State v. Comer retroactively. In Oldsv. State, 11th Dist. No. 2003-A-0129, 2004-Ohio-1848, a prisoner sought a writ of mandamus to compel the prosecutor to reopen his criminal case, so his sentence could be vacated. The basis for the request was that, when the prisoner was sentenced in 2001, the trial judge did not make the necessary findings on the record in accordance with the Ohio Supreme Court precedent set in Comer. In dismissing the petition, the Eleventh District Court of Appeals stated: "As an initial point, this court would indicate that, according to relator's own factual allegations, the Comer
decision was rendered approximately two years after his conviction became final. In considering the issue of retroactive application of new case law, the Supreme Court of Ohio has stated that any judicial alteration of a criminal rule of law must be applied to any case which is still pending in our state court system. See State v. Evans (1972), 32 Ohio St.2d 185,187. However, once a conviction has become `final' because the defendant can no longer pursue any appellate remedy, any new case law cannot be applied retroactively even if it would be relevant to the facts of his case. See State v. Spaulding (April 10, 1991), 9th Dist No. 14710." Id., at ¶ 3. See, also, Wallace v. State, 11th Dist. No. 2004-T-0008, 2004-Ohio-2596.
 {¶ 11} Olds is clearly applicable to this case. Greene has not alleged that his direct appeal was pending before this court or the Ohio Supreme Court at the time the Comer decision was rendered in August 2003. His conviction and sentence were handed down in 1998 and affirmed by this court in 1999. Since he had no further appellate remedy pending, his conviction was, and is, considered "final." As a result, the Comer
decision is not applicable to his May 1998 conviction.
 {¶ 12} The sole assignment of error is found not well-taken, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs of this appeal are assessed to the appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Lanzinger, J. concur.
[1] R.C. 2929.14(D)(1)(a)(ii) requires the imposition of a mandatory three year term of imprisonment on a firearm specification. R.C.2929.14(E)(1) states this prison term must be served consecutive with, and prior to, the prison term imposed for the underlying felony.
[2] {¶ a} R.C. 2929.14(B) states in pertinent part that "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one of the following applies:
{¶ b} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
{¶ c} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
[3] R.C. 2929.19(B)(2)(c) states: "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed[.] * * * If it imposes consecutive sentences under R.C.2929.14, its reasons for giving consecutive sentences."
[4] Under R.C. 2929.14(A)(2), the minimum prison term for a felony of the second degree is two years.
[5] R.C. 2953.23(A) states:
{¶ a} "Whether a hearing is or is not held on a petition filed pursuant to R.C. 2953.21, a court may not entertain a petition filed after the expiration of the period prescribed in section (A) of that section or a second petition or successive petitions for similar relief on behalf of petitioner unless division (A)(1) or (2) of this section applies:
{¶ b} "(1) Both of the following apply:
{¶ c} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of R.C. 2953.21 or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
{¶ d} "(b) The petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
{¶ e} "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under R.C. 2953.71 to R.C.2953.81 or under R.C. 2953.82, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death."