DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Patrick C. Meadows, pro se, appeals a judgment from the Lucas County Court of Common Pleas denying his motion to withdraw his guilty plea. For the following reasons, we affirm.
 {¶ 2} This court affirmed appellant's original convictions and sentences for burglary and recognizance bond violations inState v. Meadows (Dec. 17, 1999), 6th Dist. Nos. L-98-1424, L-98-1425. The underlying facts of appellant's first appeal were set forth as follows:
 {¶ 3} "On October 3, 1997, appellant, Patrick C. Meadows, and two accomplices broke into a home in western Lucas County. The trio had planned the burglary for some time and carried with them a roll of duct tape to restrain anyone found in the residence. Fortunately, at the time of the break-in, no one was home, only the family dog. The intruders beat the dog to death and took jewelry and other property from the house.
 {¶ 4} "On October 27, 1997, appellant was indicted for burglary, a third degree felony. Following arraignment, appellant was released on his own recognizance. Shortly thereafter, appellant and one of his accomplices fled the jurisdiction, intending to go to California. The two traveled as far as New Mexico where they were arrested after an incident in which they kidnapped two people at gunpoint.
 {¶ 5} "In New Mexico, appellant was convicted of aggravated assault with a deadly weapon and false imprisonment. He served one year on those charges before he was returned to Ohio to face his original burglary charge and an additional felony indictment for violating a release on own recognizance."
 {¶ 6} Appellant pled guilty to both charges and was sentenced to five years for each count. The terms were ordered to run consecutively for a total term of ten years incarceration.
 {¶ 7} On May 17, 2005, over six years after he entered his guilty pleas, appellant filed a motion to withdraw his guilty plea and a motion requesting appointed counsel. The trial court denied both motions, each by separate judgment entry. As to the motion to withdraw his plea, the court found that the motion was actually an untimely motion for post-conviction relief pursuant to R.C. 2953.21. Appellant's motion only addressed his plea of guilty for failure to appear. It further found that the allegations appellant raised in his motion were clearly known to him at the time he entered his plea and at the time of his appeal as of right, and that the untimely filing was not justified under R.C. 2953.23(A).
 {¶ 8} Appellant timely filed an appeal from both judgment entries. We affirmed the denial of appellant's request for appointed counsel in State v. Meadows, 6th Dist. No. L-05-1321,2006-Ohio-2622; we noted that appellant had not filed a brief or assignments of error challenging the denial of his motion to withdraw his plea. Id. at ¶ 12. We granted appellant's motion for reconsideration in State v. Meadows, 6th Dist. No. L-051-321,2006-Ohio-3375, finding that his brief had been misfiled by the clerk in the record. In that decision and later by separate order, we ordered appellee to serve and file its brief in response within the time required by App.R. 18. Id. at ¶ 6. The state has not filed a brief in response.
 {¶ 9} Appellant raises two errors for review:
 {¶ 10} "The trial court abused its discretion when it denied Appellant's Motion to Withdraw his plea pursuant to Ohio Revised Code Criminal Rule 32.1.
 {¶ 11} "The trial court Abused its Discretion when it ruled that That [sic] Appellant's Motion to withdraw his guilty plea was a Post Conviction [sic]."
 {¶ 12} We first address appellant's second assignment of error. Crim.R. 32.1 relevantly provides:
 {¶ 13} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 14} While Crim.R. 32.1 motions should be granted liberally before sentencing, State v. Xie (1992), 62 Ohio St.3d 521, 527, after sentencing, such motions are not liberally granted because "that would allow defendants to withdraw their pleas when unfavorable sentences are received." State v. Mushrush (1999),135 Ohio App.3d 99, 107. A defendant has the burden to demonstrate that correction of a manifest injustice is required.State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Such motions are addressed to the sound discretion of the trial court. Id., paragraph two of the syllabus. Appellate courts therefore review the trial court's decision for an abuse of discretion. "The meaning of the term `abuse of discretion' * * * connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. Such definition should be equally as applicable to a court's determination of a motion to change a plea." State v.Longo (1982), 4 Ohio App.3d 136, 141, quoting State v. Amison
(1965), 2 Ohio App.2d 390, 393.
The trial court supported its decision to deny appellant's motion by citing and applying our decision in State v. Green,
6th Dist. No. S-03-045, 2004-Ohio-3456. In Green, we held that the defendant's motion captioned "Motion to Vacate Sentencing Order and Motion for a New Sentence" was actually a motion for post-conviction relief, since it requested enforcement of rights guaranteed by the United States Constitution. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Id. at ¶ 7, quoting State v. Reynolds (1997),79 Ohio St.3d 158, 160. In his motion, appellant argued, in part, that an insufficiency in his indictment violated his rights under the Sixth Amendment to the United States Constitution.
 {¶ 15} Citing State v. Bush (2002), 96 Ohio St.3d 235,2002-Ohio-3993, appellant argues that his motion was improperly converted into a motion for post-conviction relief, and that therefore, the trial court erred in applying the time limit of R.C. 2953.21(A) to bar his motion.
 {¶ 16} Appellant is correct. In Green, as in Reynolds,
the defendant's post-sentence motion was converted to a motion for post-conviction relief because it was (1) filed subsequent to the direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence. Res judicata applies to bar such petitions if the issues raised could have been raised on direct appeal. Reynolds, supra at 161.
 {¶ 17} A properly framed motion to withdraw a guilty plea is governed entirely by Crim.R. 32.1. In Bush, the Court explained the limited applicability of Reynolds to instances where a defendant does not caption his motion as a Crim.R. 32.1 motion or a motion to withdraw his guilty plea. The explanation is worthy of repetition here:
 {¶ 18} "The Reynolds syllabus must be read in the context of the facts of that case. When we decided Reynolds, our rules provided that `[t]he syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication.' Former S.Ct.R.Rep.Op. 1(B), 3 Ohio St.3d xxi. Thus, when read in context, the rule of Reynolds reaches only a motion such as the one in that case — a `Motion to Correct or Vacate Sentence' — that fails to delineate specifically whether it is a postconviction release petition or a Crim.R. 32.1 motion. Such irregular `no-name' motions must be categorized by a court in order for the court to know the criteria by which the motion should be judged. Our decision in Reynolds set forth a means by which courts can classify such irregular motions. See State v.Reynolds, 3d Dist. No. 12-01-11, 2002-Ohio-2823, at ¶ 24, (plurality opinion) ('[I]n Reynolds the Supreme Court was considering a vaguely titled "Motion to Correct or Vacate Sentence" and not a motion filed pursuant to a specific rule of criminal procedure. Since there was no controlling rule or statutory provision governing or providing for a Motion to Correct or Vacate Sentence, the Ohio State Supreme Court looked at the contents of the defendant's motions [sic] and determined that substantively it was a petition for post conviction relief and then treated it as such'). Reynolds therefore does not obviate Crim.R. 32.1 postsentence motions. Instead, Reynolds sets forth a narrow rule of law limited to the context of that case."Bush, 2002-Ohio-3993, ¶ 10.
 {¶ 19} Therefore, we correctly applied Reynolds in Green.
Here, appellant's motion was unambiguously captioned "Request to Withdraw Guilty Plea Pursuant to Ohio Revise [sic] Code Criminal Rule 32.1." Therefore, Reynolds did not apply, and the trial court should not have treated appellant's motion as a motion for post-conviction relief under R.C. 2953.21. Also, because appellant's motion is not governed by R.C. 2953.21, it is not subject to a time limitation, and it should not have been dismissed on that basis. However, this error is harmless, as the trial court also addressed the merits of the motion. Crim.R. 52(A). Because the error is harmless, appellant's second assignment of error is not well-taken.
 {¶ 20} A delay between sentencing and the filing of a motion to withdraw a guilty plea, however, while not dispositive, contributes to the motion's merits. "Although the rule itself [Crim.R. 32.1] does not provide for a time limit after the imposition of sentence, during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." State v. Smith (1977), 49 Ohio St.2d 261, 264. See, also, State v. Bush, 2002-Ohio-3993, ¶ 14. Appellant filed the instant motion over six years after sentence was imposed. Such a delay is "undue" and factors against granting the motion. See, e.g., State v. Arvanitis (1986), 36 Ohio App.3d 213 (nine year delay); U.S. v. Flores (C.A. 6, 2002), 50 Fed. Appx. 264 (five week delay).
 {¶ 21} Appellant attempts to explain the delay and supports his motion by alleging an insufficiency in his indictment, citing our decision in State v. Kelly (Feb. 2, 2001), 6th Dist. No. L-99-1405. In Kelley, the defendant was charged with failing to appear, a violation of R.C. 2937.29 and R.C. 2937.99(A), the same offense with which appellant was charged. Unlike appellant, however, Kelley entered a plea of no contest to the charge. Noting that a plea of no contest preserves the issue of the sufficiency of the indictment for appeal, State v. Luna (1996),96 Ohio App.3d 207, 209, we found Kelley's indictment insufficient because it failed to include as an element the mental state "recklessly." Since the indictment failed to include a necessary element of the offense, the trial court failed to inform Kelley that he was entitled to have a jury to determine each element of the offense as required by Crim.R. 11(C)(2)(c).
 {¶ 22} Unlike a plea of no contest, which is "an admission of the truth of the facts alleged in the indictment," a plea of guilty is "a complete admission of the defendant's guilt." Crim.R. 11(B)(1). A plea of guilty is a complete admission of all the elements in a charge, and it waives all appealable errors "unless such errors are shown to have precluded the defendant from voluntarily entering into his or her plea pursuant to the dictates of Crim.R. 11 and Boykin v. Alabama (1969),395 U.S. 238, 243." State v. Kelley (1991) 57 Ohio St.3d 127, paragraph two of the syllabus; State v. Moldonado, 6th Dist. No. L-03-1166, 2004-Ohio-3001, ¶ 6.
 {¶ 23} Crim.R. 7 requires an indictment to contain, inter alia, "a statement that the defendant has committed a public offense specified in the indictment." As to the required elements of the offense charged, the indictment's statement of the offense "may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." Id. Although each count of an indictment must recite the numerical designation of the statute allegedly violated, a failure to include the numerical designation "shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant." Id.
 {¶ 24} The trial court found Kelley dispositive, and instead applied our decision in State v. McKenzie (Sept. 18, 1998), 6th Dist. No. E-97-040. In McKenzie, we held that although an indictment omits the culpable mental state as a necessary element of the offense, the numerical designation of the statute allegedly violated was sufficient because the statute set forth only one culpable mental state. Here, as in McKenzie,
appellant's indictment did not contain a culpable mental state as an element of the offense, but it did cite the numerical code sections to which appellant pled guilty.
 {¶ 25} R.C. 2937.29 does not state the required culpable mental state; in Kelley, we found that the culpable mental state "recklessness," applied as an element of the offense, citing R.C. 2901.21(B).[1] The term "recklessness" does not appear in appellant's indictment. However, we find that appellant entered a plea to a sufficient culpable mental state. We have thoroughly reviewed the transcript of the Crim.R. 11 hearing at which appellant entered, and the trial court accepted, his guilty plea. The trial court fully explained the rights which appellant waived by entering his plea. After accepting appellant's waiver of rights, and after reciting the charge, the following exchange occurred:
 {¶ 26} "Q. * * * You were to have appeared in court on November the 19th of 1997; is that correct?
 {¶ 27} "A. Yes, your Honor.
 {¶ 28} "Q. And you did not?
 {¶ 29} "A. No.
 {¶ 30} "Q. Why?
 {¶ 31} "A. Because I left.
 {¶ 32} "Q. You fled the state?
 {¶ 33} "A. Yeah.
 {¶ 34} "Q. You went — you were heading out to California?
 {¶ 35} "A. That's right.
 {¶ 36} "Q. That is when you committed certain felonies in the State of New Mexico; is that correct?
 {¶ 37} "A. Yes, your Honor.
 {¶ 38} "Q. You knew you had violated the terms of thecourt's bond; is that correct?
 {¶ 39} "A. Yes, your Honor." (Emphasis added.)
 {¶ 40} Appellant thus pled guilty to each element of the offense, and additionally admitted to knowingly committing the offense. He has not, therefore, demonstrated a manifest injustice as required by Crim.R. 32.1.
 {¶ 41} The trial court did not err in finding Kelley
dispositive, and finding McKenzie applicable. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 42} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Pietrykowski, J., Skow, J. Concur.
[1] R.C. 2901.21(B) provides: "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."