[Cite as *State v. McKinstry*, 2014-Ohio-4112.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-13-003

      Appellee                              Trial Court No. 12 CR 161

v.

Joe L. McKinstry                          **DECISION AND JUDGMENT**

      Appellant                             Decided:  September 19, 2014

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney, and
Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Nancy L. Jennings, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Joe McKinstry, appeals the December 17, 2012 judgment of the Sandusky Court of Common Pleas which, following his guilty plea to one count of possession of cocaine, R.C. 2925.11(A)(C)(4)(b), a fourth degree felony, sentenced him to 18 months in prison.  For the reasons that follow, we affirm.

**{¶ 2}** On February 28, 2012, appellant was indicted on one count of possession of cocaine and one count of tampering with evidence. The charges stemmed from a November 11, 2011 incident at a bar in Fremont, Ohio, where following a scuffle with police, cocaine was discovered on appellant's person.

**{¶ 3}** Appellant initially entered not guilty pleas to the charges and filed a motion to suppress. The motion argued that the evidence seized during the warrantless stop and search of appellant should be suppressed because his actions did not create a reasonable suspicion of criminal activity. The state opposed the motion and, following a hearing, the court denied the motion finding that while the encounter with police was initially consensual, appellant's subsequent actions supported the stop pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

**{¶ 4}** Following the court's denial of the motion, on September 27, 2012, appellant entered into a plea agreement with the state and entered a guilty plea to the possession of cocaine charge; the state agreed to dismiss the charge of tampering with evidence. During the plea hearing, appellant was informed that, inter alia, as a result of his guilty plea he had a right to appeal "if the sentence is contrary to law" or "procedural issues reserved upon a plea of guilty." Appellant indicated that he understood.

**{¶ 5}** Thereafter, appellant was sentenced to the maximum prison term of 18 months. Appellant then commenced this appeal and raises the following assignment of error:

Appellant's Fourth and Fourteenth Amendment rights were violated when the state conducted an illegal search and seizure of his person.

{¶ 6} In his sole assignment of error, appellant challenges the trial court's July 10, 2012 judgment denying his motion to suppress. Reviewing appellant's argument, we find that his guilty plea waived any arguments relating to non-procedural defects in the proceedings. This includes the trial court's denial of a motion to suppress. *See State v. Moldonado*, 6th Dist. Lucas No. L-03-1166, 2004-Ohio-3001. Accordingly, because the issue was waived, appellant's assignment of error is not well-taken.

{¶ 7} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Stephen A. Yarbrough, P.J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.

3.