[Cite as *State v. Hammond*, 2016-Ohio-971.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-15-008

      Appellee                                  Trial Court No. 13 CR 066

v.

Robert Hammond                                  **DECISION AND JUDGMENT**

      Appellant                                Decided:  March 11, 2016

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Gwen K. Howe-Gebers
and David T. Harold, Assistant Prosecuting Attorneys, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} Appellant, Robert Hammond, appeals a Wood County Common Pleas Court decision denying his motion to suppress evidence.  Finding Hammond has waived his right to assert this appeal, we affirm.

**{¶ 2}** Upon indictment, appellant entered not guilty pleas to one count of possession of cocaine and one count of trafficking in cocaine, both felonies of the first degree. A motion to suppress evidence was filed, and upon hearing, denied by the trial court.

**{¶ 3}** On November 17, 2014, Hammond entered a plea of guilty to one count of possession of cocaine, in violation of R.C. 2925.11(A)(4)(c), a felony of the third degree. He was sentenced to 18 months in the Ohio Department of Rehabilitation and Corrections, fined $5000.00, his driver's license was suspended for three years, and he was ordered to pay costs of prosecution.

**{¶ 4}** Hammond now appeals and asserts a single assignment of error for our review:

The trial court erred in denying Appellant's motion to suppress in violation of Appellant's right to be free from unlawful search and seizures under the Fourth Amendment of the United State Constitution and Article I, Section 14 of the Ohio Constitution.

**{¶ 5}** In his sole assignment of error, Hammond contends that the trial court erred when it denied his motion to suppress evidence. In response, the state cites *State v. Moldonado*, 6th Dist. Lucas No. L-03-1166, 2004-Ohio-3001, for the proposition that a plea of guilty bars Hammond from challenging the trial court's denial of his motion to suppress. We agree.

2.

**{¶ 6}** A guilty plea is a "complete admission of the defendant's guilt." Crim.R. 11(B)(1). In *Moldonado*, we explained that a "defendant who enters a guilty plea while represented by competent counsel waives any non-jurisdictional defects in earlier stages of proceedings, including any alleged defects relating to a trial court's denial of a motion to suppress." *Id.* at ¶ 6.

**{¶ 7}** Here, there is no evidence or argument presented that Hammond was not represented by competent counsel when he entered a plea of guilty to the amended indictment. His guilty plea constitutes a waiver of alleged errors by the trail court in not suppressing evidence. Hammond's sole assignment of error is not well-taken.

**{¶ 8}** The judgment of the Wood County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.         _____
JUDGE

Arlene Singer, J.

                    _____
James D. Jensen, P.J.          JUDGE
CONCUR.

                    _____
JUDGE

3.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.