**[Cite as *State v. Hilderbrand*, 2024-Ohio-4765.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                           Court of Appeals No.  WD-23-039

        Appellee                                    Trial Court No. 2021 CR 0483

v.

Travis Wayne Hilderbrand                    **DECISION AND JUDGMENT**

        Appellant                                   Decided:  September 30, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** This case is before the court on appeal by appellant, Travis Wayne

Hilderbrand, from the April 21, 2023 judgment of the Wood County Court of Common

Pleas.  For the reasons that follow, we affirm.

## Assignment of Error

Appellant received ineffective assistance of counsel when Trial Counsel allowed Defendant to Enter a Guilty Plea and failed to preserve the Issue of Suppression on Appeal.

## Background

{¶ 2} Hilderbrand was initially indicted with rape, in violation of R.C. 2907.02(A)(2) and (B), a felony of the first degree, unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A) and (B)(3), a felony of the third degree, gross sexual imposition, in violation of R.C. 2907.05(A)(1) and (C)(1), a felony of the fourth degree, and aggravated burglary, in violation of R.C. 2911.11(A)(1) and (B), a felony of the first degree.

{¶ 3} On May 27, 2022, Hilderbrand filed a motion to suppress, requesting the court suppress statements he made in an interview with an officer obtained (1) after he invoked his right to counsel, and (2) without a knowing, voluntary and intelligent waiver of his rights. The trial court denied this motion on September 8, 2022.

{¶ 4} On February 6, 2023, Hilderbrand withdrew his former plea of not guilty and entered a plea of guilty to Count 2, the charge of unlawful sexual conduct with a minor. Pursuant to the plea agreement, Hilderbrand agreed to plead guilty to Count 2, and Counts 1, 3, and 4 would be dismissed at sentencing. The State agreed to "recommend a cap of Thirty-Six (36) months should Defendant be sentenced to ODRC at the time of original sentencing." The trial court then found him guilty of that offense.

2.

**{¶ 5}** Hilderbrand was sentenced on April 17, 2023, to 30 months in the Ohio Department of Rehabilitation and Correction and was additionally subject to five years of post-release control.   He was also classified under the Tier II sex offender classification.

**{¶ 6}** On July 20, 2023, Hilderbrand filed a motion for leave to file a delayed appeal of his sentence, which was granted on August 7, 2023.

### Law and Analysis

**{¶ 7}** "[A] 'defendant who enters a guilty plea while represented by competent counsel waives any non-jurisdictional defects in earlier stages of proceedings, including any alleged defects relating to a trial court's denial of a motion to suppress.'" *State v. Hammond*, 2016-Ohio-971, ¶ 6 (6th Dist.), quoting *State v. Moldonado*, 2004-Ohio-3001, ¶ 6 (6th Dist.).  Conversely, a defendant who pleads no contest is not precluded from asserting on appeal that the trial court erred in ruling on a pretrial motion to suppress evidence.  Crim.R. 12(I).

**{¶ 8}** In his sole assignment of error, Hilderbrand contends that trial counsel was ineffective in allowing him to enter a guilty plea, rather than a no contest plea, and thereby failing to preserve the suppression issue on appeal.  He maintains that if his statements had been suppressed "it would have made it much more difficult for the [S]tate to prove [Hilderbrand's] guilt," that he would have taken the case to trial and "possibly been adjudicated not guilty," and he might not have entered a plea.  The State, inter alia, argues that Hilderbrand's trial counsel was not deficient, as the offer of a plea deal is at the prosecutor's discretion and a no contest plea was not offered "nor would it

3.

have been…"  The State further argues that trial counsel was effective in that she secured an offer that allowed Hilderbrand to plea to fewer charges.

{¶ 9} "[I]n order to prevail on an ineffective assistance of counsel claim, it must be demonstrated both that trial counsel's performance fell below an objective standard of reasonableness, and that, but for the established deficiency, the outcome of the case would have been different." *State v. Brown*, 2021-Ohio-3762, ¶ 22 (6th Dist.), citing *Strickland v. Washington*, 466 U.S. 668 (1984).  "Because 'effective assistance' may involve different approaches or strategies, our scrutiny of trial counsel's performance 'must be highly deferential' with a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *State v. Whitman*, 2021-Ohio-4510, ¶ 51 (6th Dist.), quoting *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989). Tactical, strategic decisions do not establish a meritorious basis for an ineffective assistance of counsel claim.  *State v. Jackson*, 2021-Ohio-4619, ¶ 17 (6th Dist.), citing *State v. Phillips*, 74 Ohio St.3d 72 (1995).

{¶ 10} Here, we do not find that Hilderbrand demonstrated that his trial counsel was ineffective.  The Second District Court of Appeals has held that, when an appellant makes an argument that his trial counsel was ineffective for allowing him to plead guilty as opposed to no contest, appellant is required to establish "(1) the State would have agreed to a no-contest plea on the same terms; (2) counsel failed to advise the [appellant] that a no-contest plea, in contradistinction to a guilty plea, would preserve the pretrial issue for appeal; and (3) had [appellant] been so advised, the [appellant] would have rejected the plea offer." *State v. Frazier*, 2016-Ohio-727, ¶ 82 (2d Dist.), citing *State v.*

4.

*McGlown*, 2013-Ohio-2762, ¶ 17 (2d Dist.). *See also State v. Conley*, 2016-Ohio-8408, ¶ 12 (3rd Dist.), quoting *Frazier* and *State v. Miranda*, 2013-Ohio-5109, ¶ 15 (10th Dist.), citing *McGlown* at ¶ 17. Here, there is no evidence with respect to any of these elements. There is no evidence in the record that would support a finding that the State would have agreed to a no contest plea. Furthermore, while in his brief Hilderbrand argues he was prejudiced because suppression would have been beneficial to him, he does not allege, nor is there any evidence in the record, regarding what he was advised about pleading guilty as opposed to no contest or whether his trial counsel informed him that pleading guilty would not preserve the suppression issue for appeal. He only contends that his trial attorney was ineffective in allowing him to enter a guilty plea. Similarly, Hilderbrand does not allege, nor is there any evidence in the record to support a finding that had he been aware of the consequences of pleading guilty, he would have rejected the plea offer (his only argument was that if his statements were suppressed, he might not have entered a plea). Without more, the fact that Hilderbrandt's guilty plea waived his ability to challenge the trial court's ruling as to the motion to suppress does not demonstrate deficient performance by counsel. *See Frazier* at ¶ 83.

{¶ 11} Moreover, as we have previously stated, "[g]enerally speaking, trial counsel's negotiation of a plea bargain is usually a 'trial tactic.' And, as the Supreme Court of Ohio has recognized, trial tactics - even debatable trial tactics - do not establish ineffective assistance of counsel. Moreover, trial counsel does not render deficient representation by negotiating a favorable plea bargain for the defendant." (Citations omitted.) *State v. Rivera*, 2021-Ohio-1343, ¶ 12 (6th Dist.). Here, we find trial counsel's

5.

negotiation of Hilderbrand's plea agreement was a trial tactic that effectively reduced his exposure from four charges, including two first-degree felonies, to one conviction for a third-degree felony. Hilderbrand does not point to anything in the record which would support a finding that he would have received this same offer if he pled no contest.

{¶ 12} For these reasons, we find that Hilderbrand failed to establish that his trial counsel's performance fell below an objective standard of reasonableness. We therefore need not discuss whether Hilderbrand was prejudiced.

{¶ 13} Hilderbrand's assignment of error is found not well-taken and is denied.

## Conclusion

{¶ 14} The judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Hilderbrand is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                  _____
                                                   JUDGE

Myron C. Duhart, J.            

                                     _____
Charles E. Sulek, P.J.                                          JUDGE
CONCUR.

                                     _____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.