[Cite as *State v. Martinez*, 2025-Ohio-122.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

    Appellee

v.

Jewel Martinez

    Appellant

Court of Appeals No. L-24-1022

Trial Court No. CR0202302893

**DECISION AND JUDGMENT**

Decided: January 17, 2025

* * * * *

Julia R. Bates and Brenda J. Majdalani, for appellee.

Joseph Sobecki, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a January 9, 2024 judgment of the Lucas County Court of Common Pleas, denying appellant bail upon finding that no condition of release could reasonably assure public safety, following appellant's indictment on one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1), a felony of the first

degree, one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(2), a felony of the second degree, two counts of operating a motor vehicle while under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1), misdemeanors of the first degree, and one count of driving a motor vehicle while under an OVI suspension, in violation of R.C. 4510.14(A), a misdemeanor of the first degree.

{¶ 2} Given that this appeal is wholly premised upon R.C. 2937.222 claims, all of which are non-jurisdictional and were waived as a matter of law upon appellant's entry of guilty pleas, and for the reasons set forth more fully below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Jewell Martinez, sets forth the following five (5) assignments of error:

> I.  R.C.2937.222 VIOLATES THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE IT AUTHORIZES AUTOMATIC DETENTION WITHOUT ANY DUE PROCESS SAFEGUARDS.
>
> II.  THE TRIAL COURT VIOLATED THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY ALLOWING THE STATE TO MAKE AN ORAL REQUEST FOR HEARING PURSUANT TO R.C.2937.222 WITHOUT THE DEFENDANT BEING REPRESENTED BY COUNSEL.
> III.  THE TRIAL COURT ERRED BY HOLDING A HEARING PURSUANT TO R.C.2937.222 BEFORE THE STATE MADE A WRITTEN MOTION.
>
> IV.  THE TRIAL COURT ERRED BY DENYING BOND [] BEFORE HOLDING A HEARING OR MAKING ANY FINDINGS.

2.

### V. THE TRIAL COURT ERRED BY FINDING THAT NO RELEASE CONDITIONS WILL REASONABLY ASSURE THE SAFETY OF THE COMMUNITY.

{¶ 4} The following undisputed facts are relevant to this appeal. On September 24, 2023, while under a driver's license suspension imposed in a prior OVI conviction, appellant drove her motor vehicle onto the High Level Bridge in Toledo, driving at 82 m.p.h. in a 35 m.p.h. speed zone, driving with a .18 B.A.L., driving in the wrong direction on the wrong side of the concrete barrier, and struck an approaching vehicle head-on, instantly killing the 30-year-old driver of the other motor vehicle. Appellant acknowledged to emergency first responders that she had consumed five (5) shots of alcohol shortly before the incident.

{¶ 5} On December 11, 2023, following these events, appellant was indicted on two counts of aggravated vehicular homicide, in violation of R.C. 2903.06, one felony of the first degree and one felony of the second degree, two counts of operating a motor vehicle while under the influence of alcohol or drugs, in violation of R.C. 4511.19, misdemeanors of the first degree, and one count of driving a motor vehicle while under an OVI suspension, in violation of R.C. 4510.14, a misdemeanor of the first degree.

{¶ 6} On January 4, 2024, appellant made her initial appearance before the trial court. Counsel for appellant had been retained, notified the court that he was unable to appear for the initial hearing, and requested a continuance. Accordingly, at the request of counsel for appellant, and also of appellant herself in response to direct inquiry by the trial court, the case was continued until January 9, 2024.

3.

**{¶ 7}** During the January 4, 2024 hearing, the trial court next stated, "[T]he allegations before the court are that [appellant] was driving under an OVI suspension [while] intoxicated and [caused] a crash in which someone lost their life. As such, the court is inclined to deny bail of any kind on the two felonies in this matter and schedule this for a denial of bail hearing on Tuesday, January 9th at 9:00 a.m." The trial court then requested that appellee respond to the trial court's position, to which appellee stated, "[W]e would be ready to move forward with that [R.C. 2937.222 denial of bail] hearing on Tuesday."

**{¶ 8}** On January 9, 2024, the trial court conducted the denial of bail hearing. The trial court set forth in detail the unique, serious circumstances of this case in which appellant drove the wrong way, while intoxicated, at a high rate of speed, while under an OVI suspension, across the High Level bridge, causing a head-on collision, instantly killing the other driver. Faced with this scenario, the trial court then determined by clear and convincing evidence that these facts and circumstances reflected that no condition of release could reasonably assure public safety and, therefore, denied bail.

The trial court held, in relevant part,

> The court finds by clear and convincing evidence that the accused poses a substantial risk of serious physical harm to the community due to the nature of these offenses and particularly the fact that an innocent person lost his life as the defendant was driving, despite her -- was driving intoxicated despite her license having been suspended for a previous OVI just seven months prior  * * *  The court finds by clear and convincing evidence that no release conditions will reasonably ensure the safety of our community. Her license was suspended once and she continued to drink and drive

[resulting in the death of another]. Therefore, pursuant to R.C. 2937.222, [appellant] is denied bail.

{¶ 9} We will note that the record before us includes a critical fact that cannot be ignored in our disposition of this case. On April 25, 2024, appellant entered guilty pleas to one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1), a felony of the first degree, one count of operating a motor vehicle while under the influence of alcohol or drugs, in violation of R.C. 4511.19, a misdemeanor of the first degree, and one count of driving a motor vehicle while under an OVI suspension, in violation of R.C. 4510.14, a misdemeanor of the first degree. In exchange, the remaining charges were dismissed. On May 17, 2024 appellant was sentenced to a nine-to-twelve-year term of incarceration.

{¶ 10} In this case, this appeal is restricted to the January 9, 2024 judgment of the trial court. Nevertheless, the guilty pleas that occurred subsequent to the filing of this appeal must be considered in our review. A defendant who enters a guilty plea waives the right to raise most issues on appeal unless such errors are shown to have precluded the defendant from voluntarily entering into his or her plea pursuant to the dictates of Crim.R. 11 and *Boykin v. Alabama* 395 U.S. 238, 243 (1969). *State v. Leasure*, 2007-Ohio-100, ¶ 7 (6th Dist.) The voluntariness of appellant's guilty plea is not before this court in this case.

Such waiver includes all non-jurisdictional defects and constitutional violations that occurred before he entered his guilty plea and that do not stand in

5.

the way of conviction if factual guilt is validly established. *State v. Gibson*, 2023-Ohio-1776, ¶ 12 (6th Dist.).

{¶ 11} While a guilty plea does not preclude attack on the constitutionality of a statute under which defendant was convicted, appellant's arguments in each of his assignments of error are wholly premised upon R.C. 2937.222, the statute establishing bail hearing guidelines in aggravated murder cases, and is, therefore, grounded exclusively in non-jurisdictional claims. *State v. Fitzpatrick*, 2004-Ohio-3167, ¶ 76-79.

{¶ 12} In the first assignment of error, appellant argues that R.C. 2937.222 is unconstitutional in breach of due process considerations.

{¶ 13} R.C. 2937.222(A), establishes in relevant part, "On the motion of the prosecuting attorney *or on the judge's own motion*, the judge shall hold a hearing to determine whether an accused person charged with aggravated murder * * * shall be denied bail." (Emphasis added).

{¶ 14} In support of the first assignment of error, appellant unilaterally argues that, "R.C. 2937.222 provides for automatic detention upon motion by the state[,] without any finding from a judicial officer. There is no safeguard from an overzealous prosecutor seeking a promotion by impressing her/his superiors * * * By simply making a motion."

{¶ 15} While appellant incorrectly claims that appellee initiated the R.C. 2937.222 motion for a denial of bond hearing in this case, the record reflects otherwise. The transcripts of the trial court proceedings show that the trial court itself, on a sua sponte basis, as expressly authorized by R.C. 2937.222(A), stated, "The court is inclined to deny

6.

bail of any kind on the two felonies * * * and schedule this for a denial of bail hearing * * * What is the State of Ohio's position regarding bond?"

{¶ 16} Only in response to the trial court's announcement of an intent to do so, and an accompanying request that the state respond, did appellee then state, "Your Honor, we would be ready to move forward with that hearing on Tuesday [January 9th, 2024]." Accordingly, we find that appellant's stated premise in support of the first assignment of error is plainly refuted by the record.

{¶ 17} In the second assignment of error, appellant similarly argues that the trial court erred in permitting appellee to make an oral request for an R.C. 2937.222 hearing on January 4, 2024, when counsel for appellant was not present.

{¶ 18} As held in response to appellant's first assignment of error, the record clearly shows that appellee did not make an R.C. 2937.222 hearing request, rather, it was done on the court's own motion, and thereafter acceded to by appellee. Accordingly, we find that appellant's premise in support of the second assignment of error is refuted by the record.

{¶ 19} In the third assignment of error, appellant next argues that the trial court erred in conducting the R.C. 2937.222 denial of bail hearing without appellee having first filed a written motion requesting same, again incorrectly claiming that it was appellee, rather than the trial court itself, that initiated the R.C. 2937.222 hearing.

7.

{¶ 20} In the fourth assignment of error, appellant argues that the trial court erred in holding appellant in custody for the two court days between the initial appearance hearing and the denial of bond hearing.

{¶ 21} Appellant's position fails to take into account that R.C. 2937.222(A) expressly authorizes such action, establishing in relevant part that, "Except for good cause, a continuance on motion of the accused shall not exceed five court days unless the motion of the accused waives in writing the five-day limit." As indicated above, counsel for appellant notified the court that he was unable to appear on January 4, 2024, and requested a continuance. Appellant herself likewise requested a continuance due to the unavailability of her counsel. The record shows that the continuance was granted, that it extended for two court days, and, therefore, it was done in conformity with R.C. 2937.222.

{¶ 22} Lastly, in the fifth assignment of error, appellant argues that the trial court erred in its finding that no release conditions would reasonably assure the safety of the community in this case.

{¶ 23} In support of the fifth assignment of error, appellant unilaterally claims that, "[Appellant] is in a wheelchair and cannot physically walk, much less drive," in support of the position that the trial court erred in finding that no release conditions would reasonably protect the safety of the community were appellant to be released on bail.

8.

**{¶ 24}** As stated by appellee in response, "[T]here is nothing in the transcript * * * indicating whether or not [appellant] was in a wheelchair. Unless it is indicated in the record, one cannot say it is so." We likewise find no evidence in the record in support of appellant's claim upon appeal.

**{¶ 25}** We reiterate that R.C. 2937.222(A) expressly authorizes a hearing to be held, "[O]n the judge's own motion," as the record shows was done in this case. We further note that Crim.R. 47, cited by appellant in support of the third assignment of error, also authorizes R.C. 2937.222 denial of bail hearings to be held without a written motion when, "the court permits it to be made orally," as the court sua sponte did in this case.

**{¶ 26}** In sum, each of appellant's assignments of error are plainly arguments concerning a non-jurisdictional defect in an earlier stage of the proceedings that occurred prior to the guilty plea. *State v. Hilderbrand*, 2024-Ohio-4765, ¶ 7 (6th Dist.). Wherefore, we find appellant's assignments of error not well-taken.

**{¶ 27}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.