[Cite as *State v. Rivera*, 2021-Ohio-1343.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio/City of Perrysburg

    Appellee

v.

William J. Rivera

    Appellant

Court of Appeals Nos. WD-19-085
WD-19-086

Trial Court Nos. CRB1900947
CRB1900984

**DECISION AND JUDGMENT**

Decided: April 16, 2021

* * * * *

Chynna L. Fifer, City of Perrysburg Prosecutor, and
Melissa R. Bergman, Assistant Prosecutor, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**MAYLE, J.**

**Introduction**

{¶ 1} Appellant, William Rivera, pled guilty to a fourth-degree misdemeanor charge of domestic violence in the Perrysburg Municipal Court. The court sentenced him to serve ten days in jail and imposed various community control measures. On appeal,

Rivera alleges that his trial counsel was ineffective for allowing him to plead guilty and that the trial court abused its discretion in imposing the sentence. Finding no error, we affirm.

**Background**

{¶ 2} Rivera was charged with first degree domestic violence on August 30, 2019, against his "live-in partner." According to the citation, Rivera "did knowingly cause physical harm to [the victim] by grabbing and squeezing her arms while pushing her causing her pain." The incident was reported to the police by the victim's daughter. Following Rivera's arrest, the trial court issued a temporary protection order, directing that he have no contact with the victim.

{¶ 3} On September 9, 2019, Rivera was charged with violating the protection order. According to the affidavit, police responded to a local hotel "for a report of a TPO violation." Rivera told police that the victim "contacted him for help" and she "came to his room and stayed the night [there] [and] asked him to go with her to a doctor appointment which he did."

{¶ 4} At the October 25, 2019 change-of-plea hearing, the prosecutor asked the trial court to dismiss the TPO-violation charge and to downgrade the domestic violence charge to a fourth-degree misdemeanor. In support, the prosecutor said that he had spoken with the victim, who was unable to appear in court because she was ill. The prosecutor stated that the victim agreed with the plea and wanted the court to vacate the no-contact order. The prosecutor recommended a 30-day jail sentence, suspended, "with

2.

probation terms in place with * * * whatever services would be appropriate to help prevent any recidivism being that the parties will still likely have contact."

{¶ 5} After expressing some initial reservations, the trial court accepted the plea. It then explained to Rivera the rights he was waiving by pleading guilty and told him that, despite the sentencing recommendation, the court was "not bound" by it. Rivera said he understood. The trial court then sentenced Rivera as follows: "30 days in [jail]. You are to serve ten days, which will include credit for time served, so you will serve a total of ten days. The remainder will be suspended." In addition, the trial court placed Rivera on probation for 36 months and ordered him to complete assessments for mental health, domestic violence, and substance abuse. The trial court also ordered "no contact" with the victim "until the counselor says that contact is safe," and imposed a $50 fine.

{¶ 6} Rivera appealed and assigns the following errors:

I. Appellant received ineffective assistance of counsel.

II. The trial court abused its discretion when it sentenced appellant to complete assessments for substance abuse, mental health, and domestic violence and follow recommendations violating the purpose of misdemeanor sentencing.

**Rivera received effective assistance of trial counsel.**

{¶ 7} Rivera claims that he received ineffective assistance during the change-of-plea hearing. Rivera's argument is based upon the following exchange between the trial court and Rivera, which occurred after the state proffered the terms of the proposed plea:

3.

THE COURT: Mr. Rivera, if I accept this—and I'm still on the fence—the understanding would be that you would be entering a plea to the amended charge of Domestic Violence, a misdemeanor of the fourth degree. It carries a maximum penalty of 30 days in jail, a $250 fine. * * * Sir, if I accept this, the understanding would be upon entering the plea—there is a sentencing recommendation that I'm not bound by, you understand that?

THE DEFENDANT: Yes.

{¶ 8} On appeal, Rivera claims that the trial court's statement was a "clear indication" that it was not going "to follow the agreement." And, according to Rivera, any reasonable attorney "would have * * * stop[ped] the process and not permit[ted] [him] to enter a guilty plea." Rivera argues that, had he not entered a guilty plea, the "outcome would have been different" because "the State could not have proceeded because it did not have any witnesses, and its alleged victim had stated no desire to assist the State's prosecution." For that reason, Rivera alleges that he received ineffective assistance of counsel.

{¶ 9} A properly licensed attorney is presumed effective in his or her representation of a defendant. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). In order to prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord State v. Bradley*, 42 Ohio St.3d 136, 142,

4.

538 N.E.2d 373 (1989). Specifically, a defendant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688.

{¶ 10} Here, Rivera claims that his attorney rendered ineffective assistance by allowing him to enter a guilty plea. As a general proposition, the Ohio Supreme Court has said that

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

*State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). In other words, a defendant's guilty plea waives the right to assert an ineffective-assistance-of-counsel claim unless the defendant argues that "counsel's errors affected the knowing and voluntary character of the plea." (Internal quotations omitted.) *State v. Green*, 11th Dist. Trumbull No. 2017-Ohio-0073, 2018-Ohio-3536, ¶ 18-19 (Waiver found where defendant claimed that counsel was ineffective for failing to perform "an adversarial

5.

function during the course of the plea negotiations" and for failing to file a motion to suppress evidence); *see also State v. Hill*, 10th Dist. Franklin No. 10AP-634, 2011-Ohio-2869, ¶ 15.

{¶ 11} Here, although Rivera does not *expressly* argue that his plea was made unknowingly or involuntarily, that is essentially what he is arguing. That is, he claims that he would not have entered his guilty plea but for his counsel's deficient performance. Accordingly, we find that Rivera has not waived his ineffective-assistance claim. But, although not waived, his ineffective-assistance claim is meritless for various reasons.

{¶ 12} First, counsel's performance was not deficient. Generally speaking, trial counsel's negotiation of a plea bargain is usually a "trial tactic." *State v. Bird*, 81 Ohio St.3d 582, 585, 692 N.E.2d 1013 (1998) (recognizing that a plea bargain can be a "trial tactic"). And, as the Supreme Court of Ohio has recognized, trial tactics—even debatable trial tactics—do not establish ineffective assistance of counsel. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810. Moreover, trial counsel does not render deficient representation by negotiating a favorable plea bargain for the defendant. *See State v. Fowler*, 10th Dist. Franklin No. 09AP-622, 2010-Ohio-747, ¶ 7 (finding that nothing in the record supported ineffective assistance claim where counsel "entered into a very favorable plea bargain," defendant's guilt "was clear," and he "openly acknowledged that guilt during his sentencing hearing").

{¶ 13} Here, we find that trial counsel's negotiation of the plea bargain at issue was a trial tactic—and, apparently, a beneficial one given that Rivera openly admitted his

6.

guilt to the amended charge of domestic violence. Indeed, Rivera does not claim that the terms of the plea were unfavorable, only that he may have fared better if the state had been forced to proceed on the original charges. But, to his point, both parties had to balance the risk of going forward (on the original charges) versus the benefit that comes with the certainty of a conviction—which was a matter of trial strategy for his defense counsel. And for Rivera, the reduction of the domestic violence charge to a fourth-degree misdemeanor and the dismissal of the TPO violation reduced his potential sentence from a maximum of 12 months in jail, if run consecutively, to a maximum of 30 days.

{¶ 14} Moreover, even if we assume that trial counsel's performance at the change-of-plea hearing was somehow deficient, Rivera cannot demonstrate prejudice. In order to satisfy the prejudice element for an ineffective-assistance claim following a plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotations omitted.) *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 89.

{¶ 15} Rivera does not claim that he would have "insisted on going to trial." Instead, he argues that, if his trial counsel had stopped Rivera from entering his guilty plea, the state would have dismissed all charges because "it did not have any witnesses." The record, however, does not support this claim. Indeed, a trial date had not yet been assigned, and the record does not contain any evidence to suggest that the state would have been unable to secure witnesses to testify against Rivera—including the arresting

7.

officers (in both cases), the complaining witness (the victim's daughter), and even the victim herself. Although the victim may have expressed some unwillingness to testify against Rivera, the state could have exercised its subpoena power to force her to testify. Moreover, as noted by the trial court, it is not unusual for the state to try domestic violence cases without the assistance of the victim.

{¶ 16} In sum, because we conclude that Rivera cannot establish a claim of ineffective assistance of counsel, we find his first assignment of error not well-taken.

## Sentencing

{¶ 17} In his second assignment of error, Rivera claims that the trial court abused its discretion by sentencing him to ten days in jail and ordering him to undergo assessments for mental health, domestic violence and substance abuse. We disagree.

{¶ 18} We review misdemeanor sentences for an abuse of discretion. *State v. Johnson*, 6th Dist. Lucas No. L-18-1214, 2019-Ohio-4613, ¶ 31, citing *State v. Ostrander*, 6th Dist. Fulton No. F-10-011, 2011-Ohio-3495, ¶ 28. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 19} When imposing a sentence for a misdemeanor offense, a trial court must consider the purposes and principles of misdemeanor sentencing as set forth in R.C. 2929.21, as well as the sentencing factors set forth in R.C. 2929.22. Under R.C. 2929.21, a trial court "shall be guided by the overriding purposes of misdemeanor sentencing," which are to protect the public from future crime by the offender and to punish the

8.

offender. To achieve those purposes, R.C. 2929.21 provides that a trial court "shall consider [1] the impact of the offense upon the victim and the need for changing the offender's behavior, [2] rehabilitating the offender, and [3] making restitution to the victim * * *." The failure to follow these statutes constitutes an abuse of discretion. *State v. Dominijanni*, 6th Dist. Wood No. WD-02-008, 2003-Ohio-792, ¶ 6. Nevertheless, when a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume that the judge followed the statutes, absent evidence to the contrary. *State/Division of Wildlife v. Coll*, 6th Dist. Sandusky No. S-16-022, 2017-Ohio-7270, ¶ 23, citing *Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179 (1965), paragraph one of the syllabus.

{¶ 20} Here, Rivera complains that his sentence was "not typical[]" for a fourth-degree misdemeanor offense. But, Rivera's conviction for a fourth-degree misdemeanor offense carried a potential of 30 days in jail (R.C. 2929.24(A)(4)), a $250 fine (R.C. 2929.28(A)(2)(a)(iv)), and the potential for community control sanctions (R.C. 2929.25). Thus, Rivera's sentence—consisting of 30 days in jail, 20 days suspended, a fine of $50, and community control sanctions that included probation, a no contact order and completing various assessments—was well within the statutory guidelines.

{¶ 21} Rivera also complains that his punishment was "excessively punitive," given that the victim "incurred no harm and was not fearful of [him]." But the trial court rejected this same argument at sentencing and reminded Rivera that he had just

9.

"threatened to harm" a 67-year-old woman with "health problems"—and Rivera admitted that he had done so. We therefore reject this argument.

{¶ 22} Rivera also argues that the imposition of "multiple assessments" was "unreasonable and arbitrary." We disagree. The community control sanctions that were imposed upon Rivera are specifically authorized by R.C. 2929.27. *See* R.C. 2929.27(A)(6) (probation); (A)(8) (drug and alcohol use monitoring); and (A)(14) (counseling for domestic violence). Moreover, the parties' joint sentencing recommendation included the request that the court impose "whatever *services* would be appropriate to help prevent any recidivism being that the parties will still likely have contact." (Emphasis added.) To that end, the court imposed the assessments that, it concluded, would be most beneficial. In addition, we cannot conclude that the trial court's imposition of drug and alcohol assessments was somehow unreasonable or arbitrary given Rivera's acknowledgement of two recent convictions—one for "driving without consent and drug paraphernalia" and another for "DUI." Likewise, we cannot find that the trial court's imposition of assessments for mental health and domestic violence was unreasonable or arbitrary given the nature of Rivera's conviction and his "incredibly lengthy" criminal record.

{¶ 23} Finally, Rivera argues that the trial court failed to consider the effect of this sentence on the victim, whom he described as dependent on him for her "daily care." As noted by the trial court, although "90 percent" of victims of domestic violence "will come [to court] and indicate a historical change or that they do not wish the prosecution to

10.

proceed," a victim's wishes are "not the determining factor."  The imposition of a "no contact order," while inconvenient for the parties, reflects the court's balancing of a number of factors, including the court's "very grave concerns" for the victim's "health and safety."  We find that its sentence was not unreasonable or arbitrary.

{¶ 24} In sum, the trial court imposed a misdemeanor sentence within the statutory limits, and Rivera has not put forth any evidence to suggest that the court did not follow R.C. 2929.21 when imposing his sentence.  Accordingly, we presume that the trial court properly followed the statutory guidelines when imposing Rivera's sentence.  We therefore find that the trial court did not abuse its discretion in sentencing Rivera, and Rivera's second assignment of error is not well-taken.

## Conclusion

{¶ 25} For the foregoing reasons, the October 25, 2019 judgment of the Perrysburg Municipal Court is affirmed.  Rivera is ordered to pay the costs of this appeal pursuant to App.R. 24.

                                                                     Judgment affirmed.

        A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.