[Cite as *State v. Henley*, 2023-Ohio-396.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                        Court of Appeals No.  WD-22-034

      Appellee                                    Trial Court No.  2022CR0030

v.

William E. Henley                               **DECISION AND JUDGMENT**

      Appellant                                   Decided:  February 10, 2023

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**MAYLE, J.**

**{¶ 1}** Appellant, William Henley, appeals the April 19, 2022 judgment of the
Wood County Court of Common Pleas finding him guilty of robbery and sentencing him
to a non-life, indefinite prison term of a minimum of seven years and a maximum of ten
and one-half years.  For the following reasons, we affirm the trial court's judgment.

**I. Background**

**{¶ 2}** On February 7, 2022, Henley was indicted on one count of aggravated
burglary in violation of R.C. 2911.01(A)(1) and (C), a first-degree felony.  The charge

arose from a January 15, 2022 incident in which Henley entered a Rossford, Ohio convenience store and brandished a firearm at the cashier. Henley then took $125 from the cash register before exiting the store. The Rossford Police Department was called to the store and eventually located Henley hiding in a van nearby.

{¶ 3} Henley was arraigned on February 14, 2022. At that time, he was determined to be indigent, was appointed counsel, and then entered a not guilty plea to the offense. Following negotiations with the state, appellant next appeared for a change of plea hearing on March 7, 2022. There, the state agreed to request that the trial court amend the indicted count to burglary in violation of R.C. 2911.02(A)(1) and (B), a second-degree felony. In exchange, Henley agreed to enter a guilty plea to the amended charge. Neither Henley nor the state referenced any sentence recommendation as part of the plea agreement. The trial court granted the state's motion to amend and accepted Henley's guilty plea. The trial court then ordered Henley to participate in the preparation of a presentence investigation report prior to his April 18, 2022 sentencing.

{¶ 4} At the sentencing hearing, Henley's counsel stated that Henley had expressed remorse for his actions and asked the trial court to impose a term of community control. Henley's counsel also stated that should the state make a recommendation as to a prison term, the state had agreed to limit its recommendation to 4 years in prison. The state disagreed stating "I just want to make sure—I have as far as the plea agreement that [the state] was free to recommend. I believe there was a discussion as far as stipulated sentence recommending four years. However, based upon

2.

the plea [the state] would be free to recommend." The trial court asked for further clarification on the recommendation issue, to which the state responded "[i]nitially there was discussions as far as a plea agreement, if we were going to agree to a stipulated sentence the State would be recommending four years. However, the plea that he actually pled to was the State was free to recommend." Henley's counsel did not object to the state's recitation of the terms of the agreement. The state then recommended that the trial court impose a prison term of seven years. Following the state's recommendation, Henley offered a brief apology for his conduct.

{¶ 5} The trial court noted its consideration of the "overriding purposes and principles of felony sentencing" before imposing an indefinite, non-life prison term of a minimum of seven years and a maximum of ten and one-half years, pursuant to R.C. 2929.144, on Henley's guilty plea. The trial court's judgment was memorialized the following day.

{¶ 6} Henley timely appealed the trial court's judgment and raises the following assignments of error for our review:

1.  The trial court ordered a sentence that was not supported by the record and is therefore contrary to law.

2.  Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United State Constitutions and Article I, §10 of the Ohio Constitution.

3.

## II. Law and Analysis

### A. Henley offers no bases on which to find his sentence was contrary to law.

{¶ 7} In his first assignment of error, Henley claims that "the record developed in this case does not support the imposition of a near maximum sentence." Henley argues that even though the trial court specifically referenced R.C. 2929.11 and R.C. 2929.12 at the sentencing hearing, it otherwise provided "little insight as to the court's reasoning in imposing a rather lengthy sentence" and, therefore, it is "impossible to discern" whether the trial court weighed the required statutory considerations under R.C. 2929.11 and R.C. 2929.12.

{¶ 8} We review felony sentences pursuant to R.C. 2953.08(G), which provides, in pertinent part:

> (2) ***The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> > (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 9} Essentially, Henley claims that his sentence is "contrary to law" under R.C. 2953.08(G)(2) because the trial court did not provide enough explanation regarding its consideration of R.C. 2929.11 and 2929.12, and the trial court necessarily erred in its application of R.C. 2929.11 and 2929.12 because the record does not support such a "lengthy" sentence.

{¶ 10} As an initial matter, a trial court is not required to give explanations regarding its consideration of R.C. 2929.11 or R.C. 2929.12 at the sentencing hearing or in the judgment entry. *State v. Brimacombe,* 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 10 (6th Dist.). Regardless, as this court has repeatedly held, "R.C. 2953.08(G)(2) does not permit an 'appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.'" *State v. Bowles,* 2021-Ohio-4401, 181 N.E.3d. 1226, ¶ 7 (6th Dist.), quoting *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42; *see also, e.g., State v. Johnson,* 6th Dist. Wood No. WD-20-056, 2021-Ohio-2139, ¶ 14, citing *State v. Orzechowski,* 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 10; *State v. Woodmore,* 6th Dist. Lucas No. L-20-1088, 2021-Ohio-1677, ¶ 17. Indeed, we may summarily deny an appeal of a sentence that is based only on the trial court's consideration of the factors in R.C. 2929.11 and 2929.12. *Bowles* at ¶ 8, citing *State v. Toles,* 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶ 1.

5.

{¶ 11} Here, Henley's first assignment of error argues that the trial court misapplied R.C. 2929.11 and 2929.12 when it determined the appropriate sentence. Because that issue is not subject to our review, we find his first assignment of error not well-taken.

### B. Henley did not receive ineffective assistance of counsel.

{¶ 12} In his second assignment of error, Henley alleges that he received ineffective assistance of counsel in violation of both the Ohio and U.S. Constitutions. Henley argues that his counsel was ineffective for failing to pursue and "accept" a plea agreement that included a stipulated four-year prison sentence. We disagree.

{¶ 13} To prove a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs one and two of the syllabus, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984). "For purposes of an ineffectiveness claim in relation to a plea of guilty, an appellant must demonstrate that counsel's alleged deficient performance 'caused a plea to be less than knowing and voluntary.'" *State v. Green,* 11th Dist. Trumbull No. 2017-T-0073, 2018-Ohio-3536, ¶ 19. Thus, "a defendant's guilty plea waives the right to assert an ineffective assistance of counsel claim unless the defendant argues that counsel's errors affected the knowing and voluntary character of the plea." *State v. Rivera,* 6th Dist. Wood No. WD-19-086, 2021-Ohio-1343, ¶ 10, citing *State v. Green,* 11th Dist. Trumbull No. 2017-T-0073, 2018-Ohio-3536, ¶ 18-19.

6.

{¶ 14} Here, Henley's argument does not expressly challenge the knowing and voluntary nature of his plea. Instead, he merely complains that his counsel was unable to secure a more advantageous plea agreement—namely, an agreement that required the state to recommend no more than a four-year prison term. Importantly, he does *not* argue that his plea was unknowing or involuntary because he believed that the state had agreed to limit its recommendation as part of his plea agreement. Because he does not allege that his plea was not knowingly and voluntarily entered, he has waived his ineffective assistance of counsel argument. *Rivera* at ¶ 10.

{¶ 15} Moreover, even if we construed Henley's argument as challenging the knowing and voluntary nature of his plea, there is nothing in the record to support his ineffective assistance claim. "Generally speaking, trial counsel's negotiation of a plea bargain is usually a 'trial tactic.'" *Rivera* at ¶ 12, citing *State v. Bird,* 81 Ohio St.3d 582, 585, 692 N.E.2d 1013 (1998). "Trial tactics—even debatable trial tactics—do not establish ineffective assistance of counsel." *Id.,* citing *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810. Additionally, "[i]n order to satisfy the prejudice element for an ineffective assistance claim following a plea, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at ¶ 14, citing *State v. Ketterer,* 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 89.

{¶ 16} The record here, as Henley acknowledges in his brief, does not identify the nature of the underlying negotiations or whether the state ever actually offered the four-

7.

year prison term recommendation as part of a potential agreement. The record only shows that trial counsel secured a favorable plea agreement on Henley's behalf—that is, the reduction of his offense from a first to a second-degree felony. Without more, we can only conclude that Henley's trial counsel's negotiation of the plea was a trial tactic that does not give rise to an ineffective assistance claim. Further, Henley made no argument that he would not have accepted the current plea agreement but for trial counsel's alleged deficient representation. This complete lack of prejudice resulting from counsel's assistance likewise precludes this court from finding Henley's trial counsel was ineffective.

{¶ 17} In sum, Henley fails to identify any portion of the record to show that his trial counsel's performance was deficient or that he suffered any prejudice from that allegedly deficient performance. As a result, we find his second assignment of error not well-taken.

### III. Conclusion

{¶ 18} For the foregoing reasons, we affirm the April 19, 2022 judgment of the Wood County Court of Common Pleas.

{¶ 19} Henley is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                             _____
                                                       JUDGE

Christine E. Mayle, J.


Gene A. Zmuda, J.                            _____
CONCUR.                                               JUDGE


                                                         _____
                                                         JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.