[Cite as *State v. Bulger*, 2023-Ohio-4004.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                     Court of Appeals No.  S-23-001

      Appellee                               Trial Court No.  22CR147

v.

Stephon Bulger                              **DECISION AND JUDGMENT**

      Appellant                              Decided:  November 3, 2023

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Loretta Riddle, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} This matter is before the court on appeal of the judgment of the Sandusky County Court of Common Pleas, finding appellant, Stephon Bulger, guilty of the offense of aggravated assault in violation of R.C. 2903.12(A)(1), a felony of the fourth degree, imposing a prison term of 9 months, and granting 63 days of jail-time credit.  For the reasons that follow, we affirm.

# I. Facts and Procedural History

{¶ 2} On October 21, 2021, appellant went to the home of his friend, Tiffany Smith, to help remove Smith's boyfriend, J.J., from her home. Smith's nephew, Steven Webb, also came to his aunt's aid. The three entered the home and found J.J. asleep in Smith's bed. A beating ensued, with appellant arguing Webb was the main assailant, delivering a vicious beating until Smith determined the assault was sufficient. As a result of the assault, J.J. sustained serious injuries.

{¶ 3} On February 18, 2022, appellant was charged by indictment with felonious assault in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree. A warrant issued for appellant's arrest, and he was taken into custody several months later.

{¶ 4} On July 22, 2022, appellant appeared with counsel for arraignment and entered a plea of not guilty.

{¶ 5} On September 19, 2022, appellant withdrew his former not-guilty plea and entered a plea of guilty to the amended offense of aggravated assault in violation of R.C. 2903.12(A)(1), a felony of the fourth degree. The trial court accepted the plea, found appellant guilty, and referred the matter for a presentence investigation report.

{¶ 6} On December 28, 2022, the trial court held a sentencing hearing. Appellant's trial counsel argued in favor of community control, noting appellant's claim he did not actively participate in the beating and was disabled, with his blindness indicating it unlikely that appellant had the ability to participate in the assault, despite his

2.

guilty plea. The trial court considered the facts, and appellant's criminal record that included numerous community control violations, and found a community control sanction was not appropriate. The trial court imposed a definite prison term of 9 months, granting jail-time credit of 63 days "up to and including the date of sentencing and excluding conveyance time."

{¶ 7} This appeal followed.

## II. Assignments of Error

{¶ 8} Bulger assigns three errors for appellate review, as follows:

1. Stephon Bulger received constitutionally ineffective assistance of counsel when his trial counsel failed to pursue self defensne [sic.] and/or defensne [sic.] of others resulting in Mr. Bulger failing to make a knowingly, intelligently and voluntary plea.

2. The trial court errored by accepting Mr. Bulger's plea without ensuring that he was aware of his right to pursue self defensne [sic.] and/or defensne [sic.] of others resulting in Mr. Bulger failing to make a knowingly, intelligently and voluntary plea.

3. The trial court's denial of jail time credit for any conveyance time, is contrary to law.

## III. Analysis

{¶ 9} Appellant's first and second assignments of error concern the applicability of self-defense or defense of others as a factor negating a knowing, intelligent, and

voluntary plea. His third assignment of error concerns proper jail time credit. For ease of discussion, we address the first two assignments of error together, followed by consideration of error concerning jail time credit.

**A. Self-Defense**

{¶ 10} Appellant argues he could have pursued self-defense or defense of others, and his trial counsel's failure to address this with appellant, prior to his plea, constituted ineffective assistance of counsel and rendered his plea defective. The viability of appellant's self-defense claim is dispositive as to these assignments of error.

{¶ 11} Appellant argues his counsel was ineffective in failing to assert self-defense, rendering his guilty plea unknowing, unintelligent, and involuntary. Appellant entered a guilty plea, and while this waived all error regarding the state's ability to prove the elements of the offense, the claim for ineffective assistance of counsel was not waived by virtue of the plea. *State v. Combs,* 6th Dist. Wood No. WD-20-003, 2021-Ohio-982, ¶ 14, citing *State v. Riddle,* 2017-Ohio-1199, 88 N.E.3d 475, ¶ 26 (2d Dist.). "[A] guilty plea waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea." *Riddle* at ¶ 26.

{¶ 12} To demonstrate ineffective assistance of counsel, appellant must show his trial counsel's performance was deficient, or below an objective standard of reasonable representation, and he must show this deficient performance had a prejudicial effect, or that there is "a reasonable probability that, but for counsel's errors, the proceeding's

4.

result would have been different." *State v. Hale,* 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington,* 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. In this case, appellant's claimed error fails on both prongs, as appellant does not demonstrate deficient performance by his trial counsel or that a failure to explore the affirmative defense of self-defense resulted in prejudice.

{¶ 13} As to the first prong, appellant must demonstrate deficient performance by demonstrating his trial counsel's representation fell below an objective standard of reasonable representation. *Strickland* at 668. Our scrutiny of counsel's performance is "highly deferential," and we "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Bradley* at 142, citing *Strickland* at 689. As to the second prong, prejudice is shown by demonstrating that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.,* citing *Strickland* at 694.

{¶ 14} To merit consideration of the affirmative defense of self-defense, appellant first had "the burden of producing legally sufficient evidence of self-defense to trigger the state's duty to overcome that evidence." *State v. Messenger,* 171 Ohio St.3d 227, 2022-Ohio-4562, 216 N.E.3d 653, ¶ 19. While the burden is not onerous, and may be demonstrated with the state's evidence, a claimant must satisfy this burden and present evidence "that tends to support" a self-defense claim. *State v. Baker,* 2023-Ohio-241,

5.

207 N.E.3d 6, ¶ 28 (6th Dist.), citing *State v. Greer,* 6th Dist. Lucas No. L-22-1082, 2023-Ohio-103, ¶ 20-22; 25.

{¶ 15} Appellant argues that, had he been informed that he could assert self-defense to the charge of aggravated assault, he would not have entered a plea to the lesser assault charge. In support, he argues that Smith gave him permission to enter the residence to commit the offense, which he claims was in defense of Smith who "was being subjected to domestic violence at her residence." Once inside the home, he argues he did not start the attack, and because he is 85% blind, he had a possible complete defense to the charge because his disability prevented him from committing the act alleged.

{¶ 16} Based on these facts, appellant asserts a complete defense to the charged offense, and not an affirmative defense. "An affirmative defense is any defensive matter in the nature of a confession and avoidance. It admits that the plaintiff has a claim (the 'confession') but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the 'avoidance')." (Citation omitted) *State ex rel. The Plain Dealer Publishing Co. v. Cleveland,* 75 Ohio St.3d 31, 33, 661 N.E.2d 187 (1996). An acquittal based on self-defense differs from an acquittal based on negating the elements of the offense. Self-defense is a type of affirmative defense, or a defense that will defeat the charge even if the allegations are true. (Citation omitted) *State ex rel. Parker Bey v. Bureau of Sent. Computation,* 166 Ohio St.3d 497, 2022-Ohio-236, 187 N.E.3d 526, ¶ 18; R.C. 2901.05(B). In contrast, a defense that negates part of the state's prima facie case is not

6.

an affirmative defense. *Bey* at ¶ 18, citing *State ex rel. Todd v. Canfield,* 7th Dist. Mahoning No. 11 MA 209, 2014-Ohio-569, ¶ 14.

{¶ 17} At appellant's plea hearing, the trial court addressed appellant regarding his willingness to enter a plea, and conducted a complete and thorough Crim.R. 11 colloquy. Appellant does not argue that the trial court failed to explain any aspect of his plea and potential sentence. Instead, the record demonstrates that appellant acknowledged his plea constituted a complete admission of guilt regarding the facts alleged. Additional facts were also noted, including provocation by the victim and the seriousness of the injuries sustained by the victim. The trial court accepted appellant's guilty plea, found him guilty, and referred the matter for a presentence investigation.

{¶ 18} At the sentencing hearing, the state remained silent regarding sentence, as agreed in the plea agreement. Appellant's trial counsel addressed the trial court, relying on the information contained within the presentence investigation report. Trial counsel argued that appellant had a difficult childhood, was born to very young parents and raised by his father and step-mother, and his father had a domestic violence conviction. He also argued that appellant is essentially blind, and working with an attorney to apply for disability. As to the incident leading to appellant's charge, trial counsel argued the following:

> In this situation, Mr. Bulger was summoned by a friend of his to try to get her boyfriend out of an apartment. He believed that his friend was the victim of domestic violence; he went in to try to reason, to try to get the

7.

person to leave voluntarily. He indicates that his vision is limited, but, at the time, the co-defendant did attack the victim. The victim then kicked Mr. Bulger, also kicked the co-defendant. Mr. Bulger was not the – by any means, the lead aggressor. I believe – I think the evidence does show that, that the other co-defendant probably was the person who did most of the alleged damage in this matter.

{¶ 19} Appellant's trial counsel acknowledged that appellant entered the residence to engage the victim, and although the victim acted provocatively, appellant should have known the situation was likely volatile and could lead to violence. As a result, trial counsel argued in favor of community control over a prison sanction.

{¶ 20} Appellant does not dispute any of his trial counsel's statements at sentencing, and he does not claim his counsel withheld information or evidence from him, affecting his decision to enter a plea. Appellant also does not indicate which facts, within the record, would have supported a self-defense claim. "To support a claim of self-defense involving the use of non-deadly force, a defendant must show that '(1) he was not at fault in creating the situation giving rise to the affray; (2) he had reasonable grounds to believe or an honest belief that he or she was in imminent danger of bodily harm, and (3) he did not use more force than was reasonably necessary to defend against the imminent danger of bodily harm.'" *Greer*, 6th Dist. Lucas No. L-22-1082, 2023-Ohio-103 at ¶ 33, quoting *State v. Paskins,* 200 N.E.3d 684, 2022-Ohio-4024, ¶ 48 (5th Dist.).

8.

{¶ 21} Upon a thorough review of the record, we find no evidence was adduced in appellant's case supporting any reasonable inference that appellant acted in self-defense. Instead, the facts recited in the record demonstrated that appellant went to the victim's home and confronted the victim as he slept in his bed, subjecting the victim to a beating with the aim of forcing the victim to leave the home of appellant's friend. Based on this record, appellant's trial counsel was not ineffective in failing to assert a self-defense claim to the charge, and appellant's plea was not deficient based on lack of understanding of the affirmative defense, which was unavailable to him. Accordingly, we find appellant's first and second assignments of error not well-taken.

## B. Jail-Time Credit

{¶ 22} In his third and final assignment of error, appellant argues the trial court erred by awarding jail-time credit "up to and including the date of sentencing ***and*** excluding conveyance time." The applicable statute, R.C. 2929.19(B)(2)(g)(i) requires the trial court to "include in the sentencing entry the total number of days, including the sentencing date ***but*** excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced[.]" (Emphasis added.). Appellant argues the use of the word "and" in place of "but" in the sentencing entry means he will not receive credit for conveyance time, and the trial court erred in failing to include this time as part of his jail-time credit.

{¶ 23} We recently addressed this same argument in *State v. Heidelburg,* 6th Dist. Sandusky No. S-23-002, 2023-Ohio-3408. In that case we noted:

9.

A trial court's jurisdiction to grant jail-time credit is limited to the days the offender served leading up to sentencing as well as the day of the sentencing hearing. R.C. 2929.19(B)(2)(g)(i). After the date of sentencing, the [Department of Rehabilitation and Correction (ODRC)] takes over, and the ODRC is statutorily required to give jail-time credit to an offender for, among other things, "confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." R.C. 2967.191(A).

Likewise, the regulation governing jail-time credit directs the ODRC to give jail-time credit for days an offender served "between the date of the sentencing entry and the date committed to the department" in addition to the days specified in the sentencing entry. Ohio Adm.Code 5120-2-04. Accordingly, jail-time credit for conveyance time is calculated by the ODRC independent of the sentencing entry. *State v. Davis*, 2d Dist. Montgomery No. 27495, 2018-Ohio-4137, ¶ 14. *See also State v. Reed*, 2d Dist. Clark No. 2022-CA-28, 2023-Ohio-2612, ¶ 15.

*Heidelburg* at ¶ 8.

{¶ 24} In *Heidelburg,* we found the trial court properly excluded conveyance time, post-sentencing, from its calculation of jail-time credit, finding the trial court has no authority to grant credit for conveyance time. *Id.* at ¶ 9. We further found the use of

"and" instead of "but" without consequence, noting the word choice "has no effect on ODRC's obligation to give appellant credit for his conveyance time."[1]

{¶ 25} Here, the trial court imposed a prison sentence of 9 months. As to jail-time credit, the trial court stated, "The Defendant is to receive 63 days of credit in this case up to and including the date of sentencing and excluding any conveyance time." Considering the record, we find no error in the trial court's calculation or award of jail-time credit. We therefore find appellant's third assignment of error not well-taken.

## IV. Conclusion

{¶ 26} For the foregoing reasons, we affirm the judgment of the Sandusky County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

---

[1] As we noted in *Heidelburg,* the proper mechanism for recalculation of the release date, should ODRC miscalculate the date by failing to include conveyance-time credit, is a declaratory action. *Heidelburg,* ¶ 9, fn 1, citing *Hinton v. Ohio Bureau of Sentence Computation,* 2018-Ohio-237, 105 N.E.3d 457 (10th Dist.); *State ex rel. Earl v. Shafer,* 85 Ohio St.3d 370, 708 N.E.2d 714 (1999); *Nicholson v. North Central Correctional Institution,* 3d Dist. No. 9-02-44, 2003-Ohio-303.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.     _____
               JUDGE

Gene A. Zmuda, J.

               _____
Myron C. Duhart, P.J.        JUDGE
CONCUR.

               _____
               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.