[Cite as *State v. Keller*, 2023-Ohio-4240.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

Court of Appeals No. S-23-008

Appellee

Trial Court No. 22CR785

v.

Roger Keller

**DECISION AND JUDGMENT**

Appellant

Decided: November 22, 2023

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Andrew R. Schuman, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Roger Keller, appeals the February 1, 2023 judgment of the Sandusky County Court of Common Pleas sentencing him following his conviction of rape. For the following reasons, we affirm.

## I. Background and Facts

{¶ 2} Keller was indicted on two counts of rape in violation of R.C. 2907.02(A)(1)(b), each a first-degree felony; two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), each a third-degree felony; and two counts of gross

sexual imposition in violation of R.C. 2907.05(B), each a third-degree felony. Keller and the state reached an agreement under which Keller would plead guilty to one count of rape in exchange for the state dismissing the other five charges in the indictment.

{¶ 3} At the plea hearing, after the state recited the terms of the agreement, Keller's attorney, in addition to confirming the terms of the deal, explained to the court that he had spoken to Keller "at great length" about the plea offer and the case. Counsel said that he and Keller had discussed trial strategy, the trial process, "further things that [counsel] could do if we were to proceed to trial, in particular, the issue of a possible suppression motion[,]" "other trial motions" counsel could file, and the "severe penalty" that he was facing.

{¶ 4} At the sentencing hearing, the trial court heard statements from the victim, the victim's mother, the state, defense counsel, and Keller before imposing sentence. As part of his statement, defense counsel noted that Keller cooperated with the police and "made an admission to" the investigating detective. Counsel again mentioned that he "discussed * * * a possible suppression motion * * *" with Keller. Counsel also noted that "Mr. Keller always told [counsel] that he was not going to make the [victim] testify * * *" and "was never going to take this matter to trial * * *." After hearing from the parties and reviewing the applicable law, the trial court sentenced Keller to "life in prison."[1]

---

[1] We note that "life in prison" is not one of the two sentencing options available to a trial court when a defendant is convicted of violating R.C. 2907.02(A)(1)(b), the victim is less

2.

**{¶ 5}** Keller now appeals, raising one assignment of error:

> Trial counsel was ineffective for failing to file a suppression motion
>
> to suppress appellant's confession made to fremont [sic] police.

## II. Law and Analysis

**{¶ 6}** In his assignment of error, Keller argues that his trial counsel was ineffective because counsel failed to file a motion to suppress the statement that Keller made to the detective investigating the case. He makes the conclusory claims that counsel's decision to forgo a suppression motion "was not tactical[,]" and filing a suppression motion "could have likely resulted in a more favorable outcome * * *."

**{¶ 7}** In response, the state points out that Keller makes only a "bare assertion" that filing a suppression motion could have gotten him a better outcome and that counsel "both considered and counseled [Keller] about the potential of filing a motion to suppress * * *." The state also argues, based on its review of the video of Keller's statement (which is not in the record), that any suppression motion was unlikely to succeed.

**{¶ 8}** To prove a claim of ineffective assistance of counsel, an appellant must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989),

---

than 10 years old, and no other specifications are involved. *See* R.C. 2907.02(B); R.C. 2971.03(B)(1); *State v. Statzer*, 2016-Ohio-7434, 72 N.E.3d 1202, ¶ 30 (12th Dist.) (the only two options available to the sentencing court are an indefinite term of 15 years to life in prison or life in prison without the possibility of parole). However, neither Keller nor the state raised this as error on appeal, so we will not address it further.

paragraphs one and two of the syllabus, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984). To show that counsel was ineffective relative to a guilty plea, the appellant must show that counsel's alleged deficiencies "'caused [his] plea to be less than knowing and voluntary.'" *State v. Henley*, 6th Dist. Wood No. WD-22-034, 2023-Ohio-396, ¶ 13, quoting *State v. Green,* 11th Dist. Trumbull No. 2017-T-0073, 2018-Ohio-3536, ¶ 19. Thus, an appellant's guilty plea waives his right to assert an ineffective assistance of counsel claim unless he argues that counsel's errors affected the knowing and voluntary character of the plea. *State v. Rivera*, 6th Dist. Wood Nos. WD-19-085 and WD-19-086, 2021-Ohio-1343, ¶ 10.

{¶ 9} Here, Keller does not argue (or even imply) that his plea was made unknowingly or involuntarily because trial counsel failed to seek suppression of his statement to the police. In fact, counsel told the court at the plea and sentencing hearings that he discussed the possibility of suppressing the statement with Keller, and said at sentencing that Keller did not want the victim to have to testify at a trial. If anything, this supports a finding that Keller knew what he was doing when he entered the plea and voluntarily chose to plead. Regardless, because Keller does not allege that his plea was not knowingly and voluntarily entered, he has waived his ineffective assistance of counsel argument. *Rivera* at ¶ 10.

{¶ 10} Keller's assignment of error is not well-taken.

4.

### III. Conclusion

**{¶ 11}** For the foregoing reasons, the February 1, 2023 judgment of the Sandusky County Court of Common Pleas is affirmed. Keller is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                         _____
                                                         JUDGE

Myron C. Duhart, P.J.              

Charles E. Sulek, J.               _____
CONCUR.                                           JUDGE

                                              _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.