[Cite as *State v. Hesser*, 2025-Ohio-775.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No.  WD-24-027 |
| Appellee | Trial Court No. 2023 CR 0397 |
| v. | |
| Lavelle Hesser | **<u>DECISION AND JUDGMENT</u>** |
| Appellant | Decided: March 7, 2025 |

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Michael B. Kelley, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Following a guilty plea, appellant Lavelle Hesser was convicted by the

Wood County Court of Common Pleas of aggravated trafficking in drugs and sentenced

to 24 months in prison.  On appeal, Hesser claims that the trial court erred in denying his

pretrial motion to suppress.  Because Hesser waived his right to raise this issue on appeal,

we affirm.

## I.  Background

{¶ 2} Following a traffic stop on I-75 in Wood County on July 3, 2023, Hesser was arrested and indicted on charges of aggravated trafficking in drugs and aggravated possession of drugs, both felonies of the second degree.  At his arraignment, Hesser was appointed counsel and entered a plea of not guilty.  On November 1, 2023, Hesser filed a motion to suppress, arguing that the police lacked a reasonable and articulable suspicion for the traffic stop, in violation of his constitutional rights under federal and state law.  During the hearing on Hesser's motion, the arresting officer testified and multiple videos of the stop were entered into evidence.  The trial court denied the motion to suppress on December 21, 2023.

{¶ 3} At a change-of-plea hearing on February 6, 2024, Hesser entered a plea of guilty to an amended charge in Count 1 of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2) and 2925.03(C)(1)(c), a felony of the third degree, and the state moved to dismiss the drug possession charge (Count 2).  Following a plea colloquy, the trial court accepted Hesser's plea, found him guilty and convicted him.  The trial court sentenced Hesser to serve 24-months in prison.  Hesser appealed and raises two assignments of error for our review:

> I.      The trial court erred in failing to grant Appellant's motion to suppress evidence.
>
> II.     The trial court erred in accepting uncorroborated testimony of Trooper Huffman in finding reasonable

2.

articulable suspicion to stope [sic] Appellant, as Huffman's testimony lacks credibility, and therefore the finding is against the manifest weight of the evidence.

## II. Law and Analysis

{¶ 4} On appeal, Hesser contends that the trial court's finding of reasonable and articulable suspicion for the traffic stop was "based solely" on the testimony of the state trooper who lacked "credibility." Hesser claims that because no *credible* evidence of a traffic violation exists, the stop was illegal, and the evidence that was seized during the stop must be suppressed. The state counters that, by pleading guilty, Hesser waived any argument relating to non-jurisdictional defects in the proceedings, including the trial court's denial of his motion to suppress. We agree.

{¶ 5} It is well-settled that "[a] valid guilty plea by a counseled defendant. . . generally waives the right to appeal all prior nonjurisdictional defects, *including the denial of a motion to suppress."* (Emphasis added.) *State v. Beasley*, 2018-Ohio-16, ¶ 15 (noting that the rule does not apply when a defendant pleads no contest). That is, "a guilty plea * * * renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." *State v. Fitzpatrick*, 2004-Ohio-3167, ¶ 78, quoting *Menna v. New York*, 423 U.S. 61, 62, fn. 2 (1975). Indeed, a guilty plea is a "complete admission of the defendant's guilt." Crim.R. 11(B)(1).

3.

{¶ 6} Therefore, a defendant "who voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *Id.,* quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). For this reason, "a 'defendant who enters a guilty plea while represented by competent counsel waives any non-jurisdictional defects in earlier stages of proceedings, including any alleged defects relating to a trial court's denial of a motion to suppress." *State v. Hammond*, 2016-Ohio-971, ¶ 6 (6th Dist.), quoting *State v. Moldonado*, 2004-Ohio-3001, ¶ 6 (6th Dist.).

{¶ 7} At the change-of-plea hearing in this case, the trial court specifically advised Hesser, "I need to tell you that you had a motion to suppress. It involved your Fourth Amendment rights. The Court denied the Motion to Suppress. By pleading guilty, you can't appeal that decision. Do you understand that right?" Hesser responded, "Yes." Hesser's plea agreement also includes a stipulation that "a factual basis [exists] to support a finding of guilt," and we further note the absence of any claim by Hesser that his counsel was ineffective.

{¶ 8} In sum, we find that Hesser waived any alleged errors relating to the trial court's denial of his motion to suppress. *Accord Moldonado* at ¶ 7.

## III.  Conclusion

{¶ 9} We find Hesser's assignments of error not well-taken, and the March 28, 2024 judgment of the Wood County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, Hesser is ordered to pay the costs of this appeal.  It is so ordered.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


| | |
|---|---|
| Christine E. Mayle, J. | _____ |
| | JUDGE |
| Gene A. Zmuda, J. | |
| | _____ |
| Charles E. Sulek, P.J. | JUDGE |
| CONCUR. | |
| | _____ |
| | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.