[Cite as *State v. Daniels*, 2025-Ohio-869.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.  WD-24-009

    Appellee                               Trial Court No. 2023 CR 0128

v.

Jeffrey Alan Daniels                       **DECISION AND JUDGMENT**

    Appellant                             Decided: March 14, 2025

\* \* \* \* \*

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

\* \* \* \* \*

**SULEK, P.J.**

{¶ 1} Appellant Jeffrey Daniels appeals the judgment of the Wood County Court

of Common Pleas, convicting him following a guilty plea to one count of pandering

obscenity involving a minor and sentencing him to an indefinite prison term of seven to

ten and one-half years.  Daniels asserts on appeal that his trial counsel was ineffective for

failing to file a motion to suppress evidence.  Because  Daniels' argument relies upon

proof outside of the record, and because he waived his argument when he knowingly,

intelligently, and voluntarily entered his guilty plea, the trial court's judgment is affirmed.

## I. Factual Background and Procedural History

{¶ 2} The Wood County Grand Jury returned a three-count indictment against Daniels, charging him with one count of pandering obscenity involving a minor or impaired person in violation of R.C. 2907.321(A)(4) and (C), a felony of the second degree, one count of pandering obscenity involving a minor or impaired person in violation of R.C. 2907.321(A)(5) and (C), a felony of the fourth degree, and one count of possessing criminal tools in violation of R.C. 2923.24(A) and (C), a felony of the fifth degree. The charges arose from Daniels' conduct regarding online child pornography.

{¶ 3} Daniels entered an initial plea of not guilty, and the matter proceeded through pretrial discovery. On November 16, 2023, Daniels withdrew his initial plea and entered a plea of guilty to the charge of pandering obscenity involving a minor or impaired person in violation of R.C. 2907.321(A)(4) and (C), a felony of the second degree. In exchange, the State agreed to dismiss the remaining charges. The trial court conducted a Crim.R. 11 plea colloquy with Daniels, accepted his plea, found him guilty, and continued the matter for preparation of a presentence investigation report.

{¶ 4} At the sentencing hearing on January 11, 2024, the trial court designated Daniels a Tier III sex offender and sentenced him to an indefinite prison term of seven to ten and one-half years.

2.

## II. Assignment of Error

**{¶ 5}** Daniels timely appeals the January 11, 2024 judgment of conviction, asserting one assignment of error for review:

> 1. The Appellant Received Ineffective Assistance of Trial Counsel as Trial Counsel failed to File a Motion to Suppress the Search Warrant.

## III. Analysis

**{¶ 6}** In his assignment of error, Daniels asserts that his trial counsel was ineffective for failing to file a motion to suppress based on his argument that the State relied upon stale information to obtain a search warrant.

**{¶ 7}** To demonstrate ineffective assistance of counsel, Daniels must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984). That is, Daniels must show (1) "that his counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

**{¶ 8}** Here, Daniels states that the police received a tip from the Internet Crimes Against Children task force that possible child pornography was being downloaded to an IP address linked to Daniels' home. The tip was received on September 14, 2021, but the police did not have a judge sign the warrant based on the tip until June 2022. When the police executed the search warrant, they seized a number of electronic devices. The police then obtained a second search warrant to examine the contents of those devices, from which they discovered the evidence of child pornography.

3.

{¶ 9} Daniels contends that the information supporting the first search warrant was stale as the police did not obtain the warrant until nine months after receiving the tip. He further argues that the evidence resulting from the search warrants would have been suppressed and thus the results of the proceedings would have been different had trial counsel raised the issue.

{¶ 10} Notably, although Daniels attaches them to his appellate brief, the search warrants and the affidavits supporting the search warrants are not a part of the trial court's record. It is axiomatic that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Moreover, "[a] claim of ineffective assistance of counsel in a direct appeal *must be established by the evidence in the record*." (Emphasis sic.) *Toledo v. Mariucci*, 2023-Ohio-4795, ¶ 37 (6th Dist.), quoting *State v. Perkins*, 2019-Ohio-2049, ¶ 11 (6th Dist.). "If establishing ineffective assistance of counsel requires proof outside the record, then such a claim *is not appropriately considered on direct appeal*." (Emphasis sic.) *Id.*, quoting *Perkins* at ¶ 11; *State v. Hartman*, 93 Ohio St.3d 274, 299 (2001).

{¶ 11} Furthermore, Daniels waived this argument when he entered his guilty plea. "[A] guilty plea waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea." *State v. Bulger*, 2023-Ohio-4004, ¶ 11 (6th Dist.), quoting *State v. Riddle*, 2017-Ohio-1199, ¶ 26 (2d Dist.); *see also State v. Keller*, 2023-Ohio-4240, ¶ 8 (6th Dist.) ("[A]n appellant's guilty

4.

plea waives his right to assert an ineffective assistance of counsel claim unless he argues that counsel's errors affected the knowing and voluntary character of the plea."). In this case, Daniels does not argue that trial counsel's conduct prevented him from entering a knowing, intelligent, and voluntary plea. His guilty plea, therefore, waived his ineffective assistance claim on appeal.

{¶ 12} Accordingly, because Daniels' claim in his direct appeal of ineffective assistance of counsel relies upon evidence outside of the record and was waived when he entered his guilty plea, it must fail. His assignment of error is not well-taken.

### IV. Conclusion

{¶ 13} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Daniels is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.
_____
                                        JUDGE
Charles E. Sulek, P.J.
CONCUR.                 _____
                                        JUDGE


Gene A. Zmuda, J.
_____
CONCURS AND WRITES                 JUDGE
SEPARATELY.

**ZMUDA, J., concurring.**

**{¶ 14}** I respectfully concur in judgment only, based on the authority of *State v. Hesser,* 2025-Ohio-775 (6th Dist.).

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.