**[Cite as *State v. Muir*, 2024-Ohio-3223.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  L-23-1283

      Appellee                                    Trial Court No.  CR0202302090

v.

Ashley Muir                                         **DECISION AND JUDGMENT**

      Appellant                                   Decided:  August 23, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Randy L. Meyer, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This matter is before the court on appeal from the Lucas County Court of

Common Pleas judgment of October 27, 2023, sentencing appellant, Ashley Muir, to an

indefinite prison term of 4 years to 6 years for robbery in violation of R.C. 2911.02(A)(2)

and (B), a felony of the first degree. For the reasons that follow, we affirm.

## II. Facts and Procedural History

{¶ 2} On June 3, 2023, appellant and her co-defendant, Matthew Kanouff, were stopped as they attempted to leave the parking lot of a store, after appellant was seen leaving the store with unpaid merchandise. When approached by police, Kanouff exited the car and attempted to flee, but was apprehended. Appellant did not exit the car, but instead attempted to drive away, first reversing into an occupied vehicle driven by M.P. and causing property damage to M.P.'s car, and then shifting into drive and striking the police cruiser, causing property damage to the police cruiser. As appellant attempted to drive away, a deputy sheriff was attempting to pull her from the vehicle, and because of appellant's attempts to drive away, the deputy suffered a left shoulder separation, left rotator cuff strain, and bruising to his left arm and hand, requiring medical treatment and loss of full use of his left arm for weeks following the incident.

{¶ 3} Once the officers took appellant and her co-defendant into custody, they discovered two scales with apparent drug residue, $1,117.00 in U.S. currency, a glass pipe, baking soda, a glass measuring cup, and two unopened bags containing small bags. Additionally, the officers seized substances in glass containers from the car that subsequent analysis identified as 31.88 grams of methamphetamine and 2.14 grams of crack cocaine.

{¶ 4} On July 19, 2023, appellant was indicted on six counts as follows: Count 1: robbery in violation of R.C. 2911.02(A)(2) and (B), a felony of the second degree; Count 2: aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(d), a

2.

felony of the second degree; Count 3: aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(c), a felony of the second degree; Count 4: vehicular assault in violation of R.C. 2903.08(A)(2)(b) and (C), a felony of the third degree; Count 5: driving under suspension in violation of R.C. 4510.11(A),(D),(E),(F) and (G), a misdemeanor of the first degree; and Count 6: resisting arrest in violation of R.C. 2921.33(B) and (D), a misdemeanor of the first degree. On July 28, 2023, appellant appeared for arraignment with counsel and entered a plea of not guilty to the indictment.

{¶ 5} On October 5, 2023, appellant withdrew her former plea of not guilty and entered a guilty plea pursuant to *North Carolina v. Alford,* 400 U.S. 25 (1970) to Count 1, robbery in violation of R.C. 2911.02(A)(2) and (B), a felony of the second degree, and agreed to pay restitution in the amount or $500 to M.P. In return for her plea, the state agreed to dismiss the remaining counts in the indictment at sentencing. The trial court conducted the required colloquy with appellant with no indication appellant's plea was not knowing, intelligent, and voluntary. Appellant also specifically indicated that she was satisfied with her trial counsel's representation.

{¶ 6} At the plea hearing, the prosecutor recited the facts that would have been proved, had the matter proceeded to trial, as follows:

> Had the matter proceeded to trial, the State of Ohio would have shown beyond a reasonable doubt that on or about the 3rd day of June, 2023, in Lucas County, Ohio, that the defendant in attempting or committing a theft offense or in fleeing immediately after the attempt or offense did knowingly inflict, attempt to inflict, or threaten to inflict physical harm on another. Judge, on that date she and a codefendant were at the Kohl's store here in Lucas County…on Holland Sylvania Road here in Lucas County. After having committed a theft offense in the store, they were approached and engaged with law enforcement in the parking lot.

3.

During that interaction, Deputy Bretzloff attempted to remove the defendant from her vehicle. During that attempt, she put the truck in reverse, backed up, striking another vehicle, hence the restitution. …

Thereafter then the vehicle went into drive and then struck the marked patrol vehicle which still had its lights going. During that altercation, Deputy Bretzloff suffered a separated shoulder and required care immediately and then some continuing care for recovery. He missed about three weeks of work constituting the injury, and this occurred in Lucas County, Ohio. Thank you.

The trial court continued the matter for sentencing on October 25, 2023.

{¶ 7} At the sentencing hearing, appellant's trial counsel advocated for treatment instead of incarceration, despite appellant's history with substance abuse, her criminal record that included a pending criminal case in federal court, and the fact appellant was on probation in other jurisdictions at the time of the incident in the present case. In response, the state noted the danger that appellant placed others in by attempting to flee and requested a prison sentence. Appellant also spoke and apologized for the harm she caused, stating, "It was not intentional." Appellant expressed a desire to "turn my life around."

{¶ 8} In imposing sentence, the trial court expressed a desire for rehabilitation rather than sending drug-addicted offenders to prison. However, the trial court also noted the injury to the deputy sheriff, and that there were "plenty of people that come in front of me that are suffering from addictions that don't violently hurt other people let alone law enforcement, and there needs to be consequences for not complying with law enforcement and harming law enforcement." The trial court found appellant was not amenable to community control and imposed a prison term of four to six years. The trial

4.

court also ordered restitution and entered a nolle prosequi as to Counts 2 through 6 of the indictment, pursuant to the plea agreement.

{¶ 9} Appellant filed a timely appeal of this judgment.

### III.  Assignment of Error

{¶ 10} In challenging the judgment on appeal, appellant raises the following assignments of error:

I.      The court committed plain error by accepting the disputed facts of the parties, as consistent with the offense of robbery, when both sides arguably agreed that the physical harm suffered by the deputy was not intentional on the part of appellant.

II.     Appellant received ineffective assistance of counsel when counsel recommended she plead guilty pursuant to *North Carolina v. Alford* to robbery, a felony of the second degree, arguably absent any intent by appellant to inflict physical harm during or immediately after the offense.

{¶ 11} Because appellant argues the lack of intent as to each assignment of error, we address the assignments of error together.

### IV.  Analysis

{¶ 12} Appellant's assignments of error rest on the premise that a robbery conviction requires proof of intent to cause physical harm. In her first assignment of error, appellant argues that the facts recited into the record failed to include an intent to cause physical harm to the deputy, claiming this intent is a necessary element for the

5.

offense. In her second assignment of error, appellant argues her trial counsel provided ineffective assistance by recommending the *Alford* plea absent facts to support the element of intent to inflict physical harm. In support, appellant cites to no authority that requires proof of an intent to inflict physical harm as an element of robbery.

{¶ 13} An *Alford* guilty plea, "absent an assertion of actual innocence, is an admission of guilt." *State v. Griggs,* 2004-Ohio-4415, ¶ 14. Thus, appellant's plea was an admission that she committed robbery as charged in the indictment, as appellant did not also assert actual innocence but entered the plea "because the rest of my charges are going to be dropped." Appellant's later claim, for purposes of sentencing, that she did not intend to cause physical harm to the deputy was not a claim of actual innocence relative to her guilty plea. *See State v. Johnson,* 2018-Ohio-1387, ¶ 23 (8th Dist.) (claim that harm was not intended was not a claim of innocence, but expression of remorse).

{¶ 14} Appellant was convicted of robbery in violation of R.C. 2911.02(A)(2) and (B), which provides:

> (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
> …
> (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
> ...
> (B) Whoever violates this section is guilty of robbery. A violation of division (A)(1) or (2) of this section is a felony of the second degree.

{¶ 15} Contrary to appellant's argument, the culpable mental state for robbery is provided by the underlying theft offense, with nothing in R.C. 2911.02 that includes an intent requirement relative to infliction of physical harm. *See State v. Tolliver,* 2014-Ohio-

6.

3744, ¶ 18. "R.C. 2911.02(A) predicates every robbery on the elements of a completed or an attempted 'theft offense,'" which includes "the mental states of 'purpose' and 'knowingly.'" *Tolliver* at ¶ 18, citing R.C. 2913.02(A). Thus, "the section defining robbery makes clear which elements of the offense require proof of culpability," and R.C. 2911.02(A)(2) contains no additional intent elements. *Id.*

{¶ 16} Therefore, the offense of robbery does not require proof of an intent to cause physical harm, and appellant's first assignment of error is without merit. Additionally, because robbery does not require proof of an intent to cause physical harm, appellant's trial counsel was not ineffective in failing to consider this issue in recommending the plea.

{¶ 17} To demonstrate ineffective assistance of counsel, appellant must show that her trial counsel's performance was deficient, and that this deficient performance resulted in prejudice. *State v. Bradley,* 42 Ohio St.3d 136 (1939), paragraph two of the syllabus, citing *Strickland v. Washington,* 466 U.S. 668 (1984). Because appellant entered a guilty plea, she has waived the right to assert an ineffective assistance of counsel claim unless she asserts her trial counsel's errors affected the knowing and voluntary nature of her plea. *State v. Rivera,* 2021-Ohio-1343, ¶ 10 (6th Dist.), citing *State v. Green,* 2018-Ohio-3536, ¶ 18-19 (11th Dist.).

{¶ 18} Appellant does not assert that her plea was not knowing and voluntary. At most, appellant is critical of her trial counsel's advice regarding the plea, based on the incorrect premise that the offense of robbery requires proof of an intent to cause physical

7.

harm. As previously addressed, the offense of robbery does not require proof of an intent to cause physical harm, and appellant's trial counsel, therefore, was not deficient in failing to consider this issue. Appellant's second assignment of error, accordingly, is without merit.

{¶ 19} Based on the forgoing, we find appellant's first and second assignments of error not well-taken.

## V. Conclusion

{¶ 20} Finding substantial justice has been done, we affirm the judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Gene A. Zmuda, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.